

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, NY 10007*

December 22, 2017

**BY ECF**
Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street, New York, NY 10007

       Re:   *Williams v. U.S., et al.,* No. 17 Civ. 6779 (WHP)

Dear Judge Pauley:

    I write to respectfully request a pre-motion conference regarding defendants' anticipated motion to dismiss the Complaint under Rules 12(b)(1), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.

    Plaintiff, the proposed administrator of the estate of decedent Roberto Grant, asserts two causes of action[1]: first, a claim under the Federal Tort Claims Act ("FTCA"), Compl. ¶ 23, alleging that defendants' negligence caused Mr. Grant's death while he was an inmate at the Metropolitan Correctional Center ("MCC"), Compl. ¶ 21, and second, a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that defendants violated Mr. Grant's Eighth Amendment rights by acting with deliberate indifference to his health, safety and welfare, among other things. Compl. ¶ 26.

    The Complaint alleges that Mr. Grant died from blunt force trauma while he was being held in a multi-inmate cell at MCC, *see* Compl. at 1, and alleges that Mr. Grant "suffer[ed] severe injury and [was] beaten to death" by unidentified "assailants." Compl. ¶ 21.[2] The Complaint does not allege that any federal defendant was personally involved in the assault. Rather, the Complaint conclusorily alleges "negligence of the Defendants . . . in negligently providing supervision and security related resulting [*sic*] in [Mr. Grant's] severe injuries and death; in negligently allowing [Mr. Grant's injury and death] . . . , [and] in failing to render timely emergency medical assistance." Compl. ¶ 21. Plaintiff Williams also alleges that she was initially told Mr. Grant died of a drug overdose and that this was an untrue statement because no drugs were found in Mr. Grant's system during his autopsy later. *See* Compl. at 1. Plaintiff further claims that this was an attempt to "cover-up" the actual cause of Mr. Grant's death. *Id.*

---

[1] To the extent Plaintiff claims to be a "proposed" administrator of Mr. Grant's estate, and does not possess Letters of Administration from New York Surrogate's Court, defendants will also move to dismiss on the ground that Plaintiff lacks the capacity to bring suit on the estate's behalf.

[2] The only named plaintiff is Crecita Williams in her capacity as the proposed administrator for Mr. Grant's estate. However, the Complaint frequently refers to Mr. Grant as "Plaintiff," and, other than Paragraphs 2, 3, 5, 12 and 25 of the Complaint, defendants assume that "Plaintiff" refers to Mr. Grant.

### A. Plaintiff Failed to Effect Service Upon Defendant Lee Plourde

Preliminarily, all individual-capacity claims against Lee Plourde should be dismissed pursuant to Rule 12(b)(5) because Plaintiff has failed to properly effect service upon him. Although Plaintiff filed an affidavit of service purporting to describe service on Mr. Plourde, *see* Dkt. No. 5, it plainly does not comply with Rule 4(i)(3) and Rule 4(e), and more than 90 days have passed since the Complaint was filed on September 6, 2017. While the Court has discretion to grant extensions for good cause, *Zapata v. City of New York*, 502 F.3d 192, 196-97 (2d Cir. 2007), no extension is warranted as Plaintiff's counsel was alerted to the lack of service on November 7, 2017 (*see also* Dkt. No 7), long before the 90-day period for service had expired.

### B. The *Bivens* Claim Should Be Dismissed Pursuant to Rule 12(b)(1) and 12(b)(6)

First, the Court lacks subject matter jurisdiction as to constitutional claims asserted against the United States, BOP, and any federal officer acting in their official capacity. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *Keene Corp. v. United States*, 700 F.2d 836, 845 (2d Cir. 1983). *Bivens* allows only certain individual-capacity claims for money damages against federal officials for violations of certain constitutional rights. *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013). Thus, all *Bivens* claims asserted against the United States, BOP, or federal officer in their official capacity should be dismissed.

Second, to the extent Plaintiff brings a *Bivens* claim premised upon the alleged false statement to her that Mr. Grant died of a drug overdose, Plaintiff fails to allege the violation of any constitutional right, much less one that supports a *Bivens* claim. The Supreme Court has recognized only three categories of claims as viable *Bivens* actions: (1) an unreasonable search and seizure in violation of the Fourth Amendment, *Bivens*, 403 U.S. at 397; (2) employment discrimination in violation of Fifth Amendment due process, *Davis v. Passman*, 442 U.S. 228, 248-49 (1979); and (3) failure to treat an inmate's medical condition in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). *See also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) ("Expanding the *Bivens* remedy is now a disfavored judicial activity[.]")

Third, Plaintiff fails to state a claim under *Bivens* against any defendant because she fails to plausibly allege any personal involvement by any individual defendant in the violation of a constitutional right. A plaintiff bringing a *Bivens* claim "must plead that each Government-official defendant through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Plaintiff alleges no such personal involvement by any individual defendant.

### C. Plaintiff's FTCA Claim Is Barred by the Discretionary Function Exception and Also Fails to State a Claim

First, Plaintiff's FTCA claim against the United States is barred by the discretionary function exception. The FTCA's limited waiver of sovereign immunity specifically exempts "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). This discretionary function exception bars claims if: (1) "the acts alleged to be negligent [are] discretionary, in that they involve an 'element of judgment or choice' and are not compelled by statute or regulation," and (2) "the judgment or choice in question [is] grounded in 'considerations of public policy' or

susceptible to policy analysis." *Coulthurst v. U.S.*, 214 F.3d 106, 109 (2000).

As is relevant here, although 18 U.S.C. § 4042(a) imposes a duty on BOP to "provide for the safekeeping, care and subsistence of all persons charged with or convicted of all offences," *id.*, the statute gives officials wide discretion as to how to execute that duty. *See, e.g., Winters v. U.S.*, No. 10 Civ. 7571, 2013 WL 1627950, at *5 (S.D.N.Y. Apr. 16, 2013); *Banks v. United States*, No. 10 Civ. 6613, 2011 WL 4100454, at *13 (S.D.N.Y. Sept. 15, 2011) ("[T]here is no question that [the correction officer's] conduct [breaking up a fight between two inmates] was the product of a 'judgment or choice.'"), *report and recommendation adopted*, 2011 WL 5454550 (S.D.N.Y. Nov. 9, 2011); *Hooker v. U.S.*, No. 11 Civ. 2840, 2013 WL 3491089, at *6 (S.D.N.Y. July 12, 2013). Plaintiff's FTCA claim, premised on conclusory allegations that BOP or its employees were negligent in their supervision or other duties related to the safekeeping of the inmates at MCC, falls squarely within the discretionary function and should accordingly be dismissed for lack of subject matter jurisdiction.[3]

Second, not only does the discretionary function exception apply here, Plaintiff has failed to state a cause of action under the FTCA. The FTCA's waiver of sovereign immunity is limited to "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* In other words, "[t]he statute looks to state substantive law to determine whether the plaintiff has a valid cause of action." *Syms v. Olin Corp.*, 408 F.3d 95, 107 (2d Cir. 2005).

This requirement is not met here. To maintain an action for negligence under New York law, "a plaintiff must show that there was (1) a duty owed to the plaintiff by the defendant, (2) breach of that duty by the defendant, and (3) injury sustained by the plaintiff substantially as a result of the breach." *Chen v. U.S.*, 494 Fed. Appx. 108, 109 (2d Cir. 2012). And, although "a correctional facility owes a duty of care to safeguard inmates, even from attacks by fellow inmates, [t]his does not... render a correctional facility an insurer of inmate safety." *Id.* Rather, "[t]he scope of the duty is limited to risks of harm that are reasonably foreseeable.... In other words, for [Defendant] to be liable, [Plaintiff] must show that it knew or should have known of the risk of harm[.]" *Id.* (emphasis added). Here, the Complaint does not make any allegations from which a reasonable inference could be drawn that defendants failed to protect Mr. Grant from a foreseeable harm, and plaintiff has accordingly failed to "plead[] factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable[.]" *Iqbal*, 556 U.S. at 678 (2009).

Accordingly, Defendants respectfully request a pre-motion conference regarding their anticipated motion to dismiss the Complaint on these grounds, and request that the Defendants' deadline to answer the complaint be stayed until the motion has been resolved.

---

[3] Although the Second Circuit has concluded that a "carve-out" exists within the discretionary function exception, it applies only to the extent a plaintiff alleges that he or she was harmed by an act or omission of a federal defendant that was "out of laziness or was carelessly inattentive." *Coulthurst v. U.S.*, 214 F.3d 106, 110 (2d Cir. 2000); *Triestman v. BOP*, 470 F.3d 471 (2d Cir. 2006). This so-called "negligent guard theory" permits a claim to proceed if plaintiff can show that the specific act or omission complained-of was "unrelated to any plausible policy objectives." *Coulthurst v. U.S.*, 214 F.3d 106, 111 (2d Cir. 2000). Just as in *Banks v. United States*, 2011 WL 4100454, at *13, however, Plaintiff here "has not alleged any facts suggesting [a specific BOP official's] actions were born of 'laziness or inattentiveness." *Id.*

Thank you for your consideration of this matter.

                Respectfully,

                JOON H. KIM
                Acting United States Attorney for the
                Southern District of New York

By:    _____
       Jennifer C. Simon
       Assistant United States Attorney
       86 Chambers Street, Third Floor
       New York, New York 10007
       Tel.: (212) 637-2746
       Email: Jennifer.Simon@usdoj.gov