# Law Office of Andrew C. Laufer, PLLC

### 255 West 36th Street, Suite 1104
### New York, NY 10018
(212) 422-1020 - phone
(212) 422-1069 - facsimile
E-Mail: **alaufer@lauferlawgroup.com**

Andrew C. Laufer
Evelyn Jaw

Of Counsel

Jennifer Cipolla

December 26, 2017

Via ECF
Honorable William H. Pauley
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Williams, et al v. U.S., et al., No. 17 Civ. 6779 (WHP)

Dear Honorable Judge Pauley:

I submitted this letter to respectfully request denial of a pre-motion conference regarding defendants' anticipated motion to dismiss the Complaint under Rules 12(b)(1) and 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. In the event the Court deems Plaintiff failed to effectuate service upon defendant 'Plourde', Plaintiff respectfully requests a pre-motion conference for the purpose of extending Plaintiff's time to serve defendant "Plourde' as no demonstrative prejudice can be evidenced by the defendants in extending Plaintiff's time to serve the complaint.

Plaintiff seeks relief under the Federal Torts Claims Act ("FTCA") under the theory of negligence in engaging in negligent oversight and security of the Metropolitan Correctional Center ("MCC") where Mr. Grant was savagely beaten to death in a dorm area by either prisoners or agents, servants, and employees of the governmental defendant. Defendant also seeks relief under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), in violation of his Eight Amendment rights in being brutally deprived of his life while in the care, custody, and control of the defendants while incarcerated at MCC. Plaintiff also anticipates the need to amend its complaint as the Plaintiff is in the process of forming guardianships for the only two heirs of his Estate, his minor children as required by the Surrogates Court for the State of New York, County of Kings as well as naming additional individual defendants.

On or about May 19, 2015, Mr. Grant was beaten to death at the facility. At the time of his death, Mr. Grant was 35 years of age. His only surviving heirs are his twin daughters who are four (4) years of age. Mr. Grant was not married at the time of his death. We have only recently received results of a DNA paternity test evidencing his daughters as his only surviving heirs. Further, due to the incapacity of the sole heirs of the Estate, the Statute of Limitations on all causes

of actions are tolled until such time a guardian for the property of his children is appointed. See Matter of Cruz v. NYCHHC 500 NYS 2d 601 (1986).

### A. Plaintiff Made a Good Faith Attempt to Effect Service Upon Defendant 'Plourde'

The plaintiff successfully served the governmental defendants on or about September 13, 2017. (See Exhibit A attached hereto). Plaintiff attempted but was unsuccessful in serving Mr. Plourde at his alleged place of employment. Until defendants motion, the Plaintiff was not made aware of the full name of the individual defendant "Plourde". During our conversation, counsel for the defense would not release this information or an appropriate time for us to effect personal service upon Mr. Plourde. FRCP Rule 4(i)(4)(B) affords the Court the authority to grant a reasonable extension of time to perfect service upon "…a person required to be served under Rule 4(i)(3), if the party has served either the United States attorney or the Attorney General of the United States." Further, the plaintiff has 120 and not 90 days as alleged in defendants' pre-motion letter. This would afford plaintiff an opportunity to perfect service upon the individual defendant until January 5, 2018.

As evidenced, the Plaintiff has successfully served the governmental defendants. Your affirmant respectfully requests additional time to serve Defendant Lee Plourde. Further, your affirmant respectfully requests the Court direct defense counsel to provide Mr. Plourde's home address or a suitable time and place for our process server to effectuate service.

### B. The Bivens Claim Should Not Be Dismissed Pursuant to Rule 12(b)(1) and 12(b)(6)

1. It appears defendants' are alleging plaintiff is barred from asserting a Bivens claim resulting from his death and in general, there is no recovery under Bivens in an action resulting from the death of a prisoner. Plaintiff is asserting its Bivens' claims against the individual defendant(s) in their unofficial capacity only. Plaintiff is afforded a right to pursue an action under Bivens in relation to the death of Mr. Grant. See Carlson v. Green 100 S.Ct. 1468 (1980).

2. The plain reading of the complaint shows that the allegations made against Mr. Plourde result from a furtherance of the conspiracy in covering up Mr. Grant's death as a result of a drug overdose. The autopsy report clearly indicates Mr. Grant did not die from any reaction to foreign or illegal substances he ingested. An action sounding in conspiracy to cover up a death can be maintained against individual federal actors in their personal capacity. "Daughter of decedent, whose widow was allegedly induced to enter into settlement by conspiracy and fraudulent representations, had valid Bivens claim in her individual capacity for alleged deprivation of her property interest in a potential federal Tort Claims Act [28 U.S.C.A. § 2675] cause of action for alleged concealment of United States Army's involvement in drug experimentation program related to decedent's death. 28 U.S.C.A. § 1346." See Barrett v. US 622 F.Supp. 574 (1985).

3. The complaint alleges the "Plourde" and the individual defendants did engage in a conspiracy to cover up the death of Mr. Grant. Mr. Plourde did allege to the decedents next of kin that he died of a drug overdose and not a severe beating which is clearly reflected in the autopsy report. Plaintiff appropriately states colorable causes of action which would survive a motion to

dismiss. "The plaintiff must satisfy "a flexible 'plausibility standard.' " Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir.2007). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, ---U.S. ----, ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (May 21, 2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." Id. McIntyre v. Longwood Central School Dist. 2008 WL 850263 (2008.)

### C. **Plaintiff's FTCA Claim is not barred by the Discretionary Function Exception and is Adequately Stated**

1.      "The discretionary function exception to the Federal Tort Claims Act (FTCA) bars suit only if two conditions are met: (1) the acts alleged to be negligent must be discretionary, in that they involve an element of judgment or choice and are not compelled by statute or regulation and (2) the judgment or choice in question must be grounded in considerations of public policy or susceptible to policy analysis; satisfaction of only the first condition is not sufficient. 28 U.S.C.A. § 2680(a)." Coulthourst v. US 214 F.3d 106 (2000).

It appears that the defendants' argument contradicts itself. Initially they correctly allege that 18 USC 4042(a) imposes a duty on BOP to "provide for the safekeeping, care and subsistence of all persons charged with or convicted of all offences," Defendants' have the burden to demonstrate that Mr. Grant's death meets the discretionary function exception.

2.      The very nature of defendants' role under the statute mandates that prisoner safety is paramount. The beating death of Mr. Grant in a dormitory within the prison which is surveilled 24 hours a day and 7 days a week by agents, servants, and employees of the defendants' required an appropriate and reasonable response to protect Mr. Grant from being murdered within his dormitory. "A plaintiff is thus eligible for recovery when an official, because of laziness, hastiness, or general carelessness, fails to perform his discretionary duty." See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 476 (2d Cir. 2006); Chen, 2011 WL 2039433. See also Farley v. US 2017 WL 3503727 (2017).

Defendants then erroneously state that BOP does not have a duty to reasonably protect Mr. Grant from being murdered. The seminal case within New York state courts regarding a prisons duty to protect inmates is Sanchez v. State of New York 99 N.Y.2d 247 (2002). Sanchez and its progeny state that the "...State could be held liable if attack was *reasonably foreseeable*, based on its knowledge derived from operation of a maximum security prison;" abrogating Smith v. State of New York, 284 A.D.2d 741, 728 N.Y.S.2d 530, Stanley v. State of New York, 239 A.D.2d 700, 657 N.Y.S.2d 481. The defendants'' are not required to have actually knowledge that prisoner's life is actually in danger.

Wherefore, it is respectfully requested that the Court deny defendant's application for a pre-motion conference, compel defendants to either accept service for defendant Flourde, provide Plaintiff with his home address, or compel the parties a mutually convenient time and place for plaintiff's process server to perfect service upon Mr. Plourde and for other such relief as the Court deems just and proper.

Respectfully submitted,

Andrew C. Laufer

Enc.:
ACL/