UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CRECITA WILLIAMS AS PROPOSED
ADMINISTRATOR FOR THE ESTATE OF
ROBERTO GRANT,

              Plaintiff,

CASE NO: 17cv6779 (WHP)

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS, and
EXECUTIVE ASSISTANT 'PLOURDE'
AND JOHN AND JANE DOE(S) AGENTS,
SERVANTS AND EMPLOYEES OF THE
DEFENDANTS

              Defendants.

---

## NOTICE OF MOTION TO COMPEL DISCOVERY

PLEASE TAKE NOTICE, that upon the Memorandum of Law by ANDREW C. LAUFER, dated February 26, 2018, and the exhibits annexed hereto and all prior pleadings and proceedings, Plaintiff CRECITA WILLIAMS AS PROPOSED ADMINISTRATOR FOR THE ESTATE OF ROBERTO GRANT, named in the above-mentioned action Pursuant to Federal Rule of Civil Procedure 26(b) and New York Civil Procedure Law and Rule 3012(c), the Plaintiff shall move before this Court, at a date and time to be determined, at 500 Pearl Street, New York, New York 1007 in Courtroom 20B to request an Order: 1) compelling Defendants' to produce the names of the individual agents, servants, employees, and independent contractors who were tasked with the oversight and supervision of the area where the decedent was murdered and his body was found 2) compelling defendants to produce the names of all individual agents, servants, employees, and independent contractors of the Defendants who witnessed and/or were involved in the investigation of Plaintiff's death

3) compelling Defendants to produce any and all incident reports, witness statements, video surveillance, and any and all reports, documents, and statements depicting and concerning the incident surrounding Plaintiff's death; 4) and for such other, further and different relief as to this Honorable Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to the January 26, 2018 Order of the Court, answering affidavits, if any are to be served upon the undersigned by March 14, 2018 and thereafter, Plaintiff's Counsel may serve Reply to any answering affidavits by March 28, 2018.

Dated: New York, New York
       February 26, 2018

                                                  LAW OFFICE OF
                                                  ANDREW C. LAUFER, PLLC

                                                  By: Andrew C. Laufer
                                                  Attorney for Plaintiff
                                                  CRECIA WILLIAMS AS PROPOSED
                                                  ADMINISTRATOR FOR THE ESTATE
                                                  OF ROBERTO GRANT
                                                  255 West 36th Street
                                                  Suite 1104
                                                  New York, New York 10018
                                                  (212) 422-1020

To:

Jennifer C. Simon
US Attorneys Office SDNY
86 Chambers Street
New York, New York 10007
Jennifer.Simon@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CRECITA WILLIAMS AS PROPOSED
ADMINISTRATOR FOR THE ESTATE OF
ROBERTO GRANT,

        Plaintiff,

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS, and
EXECUTIVE ASSISTANT 'PLOURDE'
AND JOHN AND JANE DOE(S) AGENTS,
SERVANTS AND EMPLOYEES OF THE
DEFENDANTS

        Defendants.

CASE NO: 17cv6779 (WHP)

---

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY

### A. Statement of Facts

1.     Decedent Roberto Grant was formerly incarcerated with the Defendants at the Metropolitan Correction Center in lower Manhattan. On or about May 19, 2015, Mr. Grant was beaten to death at the facility. At the time of his death, Mr. Grant was 35 years of age.

2.     Specifically, Mr. Grant died from "Blunt Force Trauma to the Head, Neck, Torso, And Extremities." His body was found in a "Multi-Inmate Federal Jail Cell...." Crecita Williams, Mr. Grant's mother and his ex-wife, Nicole Grant, went to MCC to identity his body.

3.     Upon arriving at the prison, they were told that Mr. Grant died of a drug overdose and that he wasn't physically harmed. This was untrue. The toxicology report findings were

"...without significant positivity." In other words, no drugs or toxic substances were found in Mr. Grants system. Further, his remains were taken by agents, servants, and employees of the City of New York to Bellevue hospital. Ms. Williams and Grant were able to identity Mr. Grant's remains there.

4. Mr. Grant is also survived by two minor children he fathered with Nicole.

### B. Nature of the Action

5. Plaintiff seeks relief under the Federal Torts Claims Act ("FTCA") under the theory of negligence in engaging in negligent oversight and security of the Metropolitan Correctional Center ("MCC") where Mr. Grant was savagely beaten to death in a dorm area by either prisoners or agents, servants, and employees of the governmental defendant as well as with other State Law claims including, but not limited to, wrongful death. Plaintiff also seeks relief under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), in violation of his Eight Amendment rights in being brutally deprived of his life while in the care, custody, and control of the defendants while incarcerated at MCC.

### C. Plaintiff's Requested Relief

#### a. Plaintiff is entitled to Discovery

6. Defendants have represented to the Court that they intend to proceed with a Rule 12 motion to dismiss on multiple grounds. One of those grounds entails an allegation that plaintiff fails to properly comply with the 'standard' delineated in Rule 8 of the Federal Rules of Civil Procedure and Ashcroft v. Iqbal 129 S.Ct. 1937 (2009).

7.	In order to properly oppose this motion or cure these perceived defects rendering Defendants' motion moot, Plaintiff requires pre-motion discovery in order to amend their Complaint. (See Declaration of Counsel, Exhibit A).

8.	The Court has wide discretion to allow pre-action or pre-answer discovery. In doing so, the Court has applied New York law under N.Y.C.P.L.R. 3102(c). "New York law, however, permits court-ordered preaction discovery "to aid in bringing an action." N.Y.C.P.L.R. 3102(c). Indeed, perhaps partly due to New York's requirement of particularity in pleading libel and slander, see N.Y.C.P.L.R. 3016(a), it is not uncommon for New York plaintiffs to seek preaction discovery to aid in framing a defamation complaint. See, e.g., Tauber v. Wald, 570 N.Y.S.2d 998 (2d Dep't 1991); Application of Janosik, 420 N.Y.S.2d 815, 815-16 (4th Dep't 1979). An application for preaction discovery is addressed to the court's discretion, see Wien & Malkin LLP v. Wichman, 680 N.Y.S.2d 250 (1st Dep't 1998),...." See also Moran v. Continental Casualty Co., et al 2001 WL 1717214 (NDNY).

9.	Moreover, the Court has held that "(u)nder New York law, a petitioner can seek "pre-action discovery" under 3102(c) only if the petitioner already has an existing cause of action against the respondent and is simply seeking early discovery for one of the reasons specified in 3102(c), viz, "... to aid in bringing an action, to preserve information or to aid in arbitration...." C.P.L.R. 3102(c). See Holzman v. Manhattan and Bronx Surface Transit Operating Authority, 271 A.D.2d 346, 707 N.Y.S.2d 159, 161 (1st Dep't, 2000); Ero v. Graystone Materials, Inc., 252 A.D.2d 812, 676 N.Y.S.2d 707, 708 (3d Dep't, 1998). As noted by Prof. Siegel, this requirement is enforced by the New York courts with particular strictness where, as here, 3102(c) is sought to be invoked "to aid in bringing an action." See N.Y. C.P.L.R. 3102, Supplementary Practice

Commentary by David D. Siegel (McKinney 2001)." See also Bryan v. American West Airline, 405 F.Supp.2d 218 (2005).

10.     "Rather, pre-action discovery should be granted to allow a party to frame a complaint, including by seeking to determine the "identities of the parties and what form or forms the action should take." Id.; see also Houlihan-Parnes, Realtors v. Cantor, Fitzgerald & Co., Inc., 58 A.D.2d 629, 630, 395 N.Y.S.2d 684 (2nd Dept., 1977); Bergan v. Sullivan Brothers Wood Products of Keeseville, Inc., 77 A.D.2d 723, 724, 430 N.Y.S.2d 422 (3rd Dept., 1980).

11.     It is error for a court to deny the application for pre-answer or pre-motion discovery where the Plaintiff has stated a prima facie cause of action, and seeks pre-motion discovery in order to assist in further framing its complaint in order to assist it in identifying who should be named as a defendant. Hughes v. Witco Corp.- Chempreme Division, 175 A.D.2d 486, 488, 572 N.Y.S.2d 531 (3rd Dept, 1991); Rosenberg v. Brooklyn Union Gas Co., 80 A.D.2d 834, 436 N.Y.S.2d 339 (2nd Dept, 1981); Teall v. Roeser, 206 A.D. 371, 373 201 N.Y.S 280 (4th Dept 1923) (post-summons but pre-complaint discovery granted to plaintiff.)

12.     Further, there can be no dispute that CPLR § 3102 [c] serves several salutary purposes. It permits a would-be plaintiff to determine who should be named as a defendants in the prospective action, and thus avoiding the waste of judicial and parties' resources that results when a plaintiff discovers after commencement of the action that he or she should move to add or delete defendants. The statute also avoids the imposition of litigation on improperly named defendants.

13.     The courts of this state have consistently held that in addition to framing the complaint and the causes of action therein, pre-action discovery is available to determine who the defendants should be. Hughes v. Witco-Chempreme Division, 175 A.D.2d at 488; Stewart, 112

A.D.2d at 940; Bergan, 77 A.D.2d at 724; see also Alexander .v Spanierman Gallery, LLC, A.D.3d 411, 822 N.Y.S.2d 506 (N.Y.A.D. 1st Dep't 2006) (pre-action disclosure of identity of purchaser of sculpture stolen from home of petitioner was proper as "such person or entity [is] a potential defendant in a prospective action by petitioner to, inter alia, replevy the artwork").

14. Pre-action discovery is appropriate in order for a potential plaintiff to "determine the relationship between [the potential defendants], so as to ascertain the proper party to sue." Bergan, 77 A.D.2d at 724.

### b. Plaintiff May Amend its Complaint 'As a Matter Of Course'

15. Further, this discovery is being used to facility a more precise framing of Plaintiff's complaint. "Rule 15(a) of the Federal Rules of Civil Procedure states in pertinent part that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ...." Fed. R. Civ. Pro. 15(a).

16. "A motion to dismiss is not a "responsive pleading." Washington v. James, 782 F.2d 1134, 1138-39 (2d Cir. 1986) (party may "as a matter of right" amend complaint during pendency of motion to dismiss); Levy v. Lerner, 853 F. Supp. 636, 638 (E.D.N.Y. 1994) (Glasser, J.) ("Because a motion to dismiss does not constitute a responsive pleading under Rule 15(a), ... plaintiff is entitled to amend the Complaint as a 'matter of course'"); see also Centifanti v. Nix, 865 F.2d 1422, 1431 n.9 (3d Cir. 1989) ("Neither a motion to dismiss, nor a motion for summary judgment, constitutes a responsive pleading under [Rule] 15(a)"); Vernell v. United States Postal Serv., 819 F.2d 108, 110 (5th Cir. 1987) ("A motion to dismiss is not a responsive pleading and therefore does not extinguish the right to amend an initial pleading"); 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1475 (1990) ("the filing of a motion does not constitute a 'responsive pleading'")."

17. To date, Defendants have not filed a responsive pleading.

### c. Prior FOIA Request

18. As a potential resolution, defendants' suggested making an application under the Freedom of Information Act 5 USC 552 (hereinafter FOIA). However, plaintiff previously made a request under FOIA and was only able to obtain Mr. Grant's medical records with all health care provider names redacted. (See Declaration of Counsel, Exhibit B). Plaintiff requires more substantive information, as delineated above, in order to properly and efficiently amend the complaint.

### D. Conclusion

WHEREFORE, the plaintiff respectfully requests that this application for an Order: 1) compelling Defendants' to produce the names of the individual agents, servants, employees, and independent contractors who were tasked with the oversight and supervision of the area where the decedent was murdered and his body was found 2) compelling defendants to produce the names of all individual agents, servants, employees, and independent contractors of the Defendants who witnessed and/or were involved in the investigation of Plaintiff's death 3) compelling Defendants to produce any and all incident reports, witness statements, video surveillance, and any and all reports, documents, and statements depicting and concerning the incident surrounding Plaintiff's death; 4) and for such other, further and different relief as to this Honorable Court may deem just and proper.

Dated: New York, New York
       February 26, 2018

LAW OFFICE OF
ANDREW C. LAUFER, PLLC

_____
By: Andrew C. Laufer

Attorney for Plaintiff
CRECITA WILLIAMS AS PROPOSED
ADMINISTRATOR FOR THE ESTATE
OF ROBERTO GRANT
255 West 36th Street
Suite 1104
New York, New York 10018
(212) 422-1020

UNITED STATES DISTRICT COURT                                    CASE NO: 17cv6779(WHP)
SOUTHERN DISTRICT OF NEW YORK

---

CRECITA WILLIAMS AS PROPOSED
ADMINISTRATOR FOR THE ESTATE OF                 Plaintiff,
ROBERTO GRANT,

-against-

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS, and
EXECUTIVE ASSISTANT 'PLOURDE'
AND JOHN AND JANE DOE(S) AGENTS,               Defendants,
SERVANTS AND EMPLOYEES OF THE:
DEFENDANTS

---

### NOTICE OF MOTION TO COMPEL DISCOVERY

---

LAW OFFICE OF ANDREW C. LAUFER

**Attorney(s) for Plaintiff**

Office and Post Office Address
255 W. 36th Street, Suite 1104
New York, NY 10018

Tel: (212) 422 1020
Fax: (212) 422 1069

---

To:

Attorney(s) for:

Signature (Rule 130-1.1-a)
_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

---

PLEASE TAKE NOTICE:

☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**
that an order of which the within is a true copy
will be presented for settlement to the HON one of the judges of the
within named Court at
on            at          M.
Dated,
                                                    Yours, etc.

                                                    Law Office of Andrew C. Laufer