UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CRECITA WILLIAMS AS PROPOSED
ADMINISTRATOR FOR THE ESTATE OF
ROBERTO GRANT,

    Plaintiff,

CASE NO: 17cv6779 (WHP)

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS, and
EXECUTIVE ASSISTANT 'PLOURDE'
AND JOHN AND JANE DOE(S) AGENTS,
SERVANTS AND EMPLOYEES OF THE
DEFENDANTS

    Defendants.

---

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND IN REPLY TO DEFENDANTS' OPPOSITION

### A. Defendants Improper Argument Against Discovery

1. Defendants appear to couch their proposed motion to dismiss within their opposition to plaintiff's motion for limited discovery.

2. At the conference of January 26, 2018, the Court did not afford defendants permission to make their proposed Rule 12(b) motion.

3. Instead, the Court afforded the plaintiff an opportunity to make an application for limited discovery for the purpose of amending her complaint.

### B. Plainitff Is Entitled to Discovery

4. In Hogan v. Fisher 738 F. 3d 509 (2013) the Second Circuit Court of Appeals ruled that the plaintiff was entitled to discovery so he may properly formulate an amended

complaint.

5.      Specifically, the defendants were directed by the Court to provide the identities of 'John Doe' defendants who were engaged in the deprivation of plaintiff's civil rights under 42 USC 1983. See Hogan, supra.

6.      Further, the Court applied both FRCP 15(c)(1)(A) **and** CPLR section 1024 in reaching their determination that the plaintiff was entitled to said discovery.

7.      The Court held that "(u)nlike the Federal Rules of Civil Procedure, the New York Civil Practice Law and Rules ("CPLR") creates a special procedure for claims alleged against John Doe defendants. N.Y. C.P.L.R. § 1024 (McKinney 2013). Section 1024 of the CPLR reads:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

New York courts have interpreted this section to permit John Doe substitutions *519 nunc pro tunc. See Bumpus v. N.Y.C. Transit Auth., 66 A.D.3d 26, 883 N.Y.S.2d 99, 104 (2d Dep't 2009); Victor Auto Parts, Inc. v. Cuva, 148 Misc.2d 349, 560 N.Y.S.2d 269, 271 (Sup.Ct. Monroe Cnty.1990); Wilson v. 30 Broad St. Assocs., L.P., 178 Misc.2d 257, 679 N.Y.S.2d 521, 522 (Civ.Ct.N.Y.Cnty.1998). To take advantage of § 1024, a party must meet two requirements. See Justin v. Orshan, 14 A.D.3d 492, 788 N.Y.S.2d 407, 408 (2d Dep't 2005); Maurro v. Lederman, 7 Misc.3d 863, 795 N.Y.S.2d 867, 870–71 (Sup.Ct. Richmond Cnty.2005). First, the party must "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name." Bumpus, 883 N.Y.S.2d at 104; see also

Harris v. N. Shore Univ. Hosp. at Syosset, 16 A.D.3d 549, 792 N.Y.S.2d 148, 149 (2d Dep't 2005); Justin, 788 N.Y.S.2d at 408; Luckern v. Lyonsdale Energy Ltd., 229 A.D.2d 249, 654 N.Y.S.2d 543, 545–46 (4th Dep't 1997). Second, the party must describe the John Doe party "in such form as will fairly apprise the party that [he] is the intended defendant." Bumpus, 883 N.Y.S.2d at 104; see also Lebowitz v. Fieldston Travel Bureau, Inc., 181 A.D.2d 481, 581 N.Y.S.2d 302, 303 (1st Dep't 1992)." See Hogan, supra.

### C. Defendants Arguments Agaisnt the Requested Relief Are Not Applicable

#### a. The Bivens Claim Should Not Be Dismissed For Failure to Property Plead

8.  It appears defendants' are alleging plaintiff is barred from asserting a Bivens claim resulting from his death and in general, there is no recovery under Bivens in an action resulting from the death of a prisoner. Plaintiff is asserting its Bivens' claims against the individual defendant(s) in their unofficial capacity only. Plaintiff is afforded a right to pursue an action under Bivens in relation to the death of Mr. Grant. See Carlson v. Green 100 S.Ct. 1468 (1980).

9.  The plain reading of the complaint shows that the allegations made against Mr. Plourde result from a furtherance of the conspiracy in covering up Mr. Grant's death as a result of a drug overdose. The autopsy report clearly indicates Mr. Grant did not die from any reaction to foreign or illegal substances he ingested. An action sounding in conspiracy to cover up a death can be maintained against individual federal actors in their personal capacity. "Daughter of decedent, whose widow was allegedly induced to enter into settlement by conspiracy and fraudulent representations, had valid Bivens claim in her

individual capacity for alleged deprivation of her property interest in a potential federal Tort Claims Act [28 U.S.C.A. § 2675] cause of action for alleged concealment of United States Army's involvement in drug experimentation program related to decedent's death. 28 U.S.C.A. § 1346." See Barrett v. US 622 F.Supp. 574 (1985).

10. The complaint alleges the "Plourde" and the individual defendants did engage in a conspiracy to cover up the death of Mr. Grant. Mr. Plourde did allege to the decedents next of kin that he died of a drug overdose and not a severe beating which is clearly reflected in the autopsy report. Plaintiff appropriately states colorable causes of action which would survive a motion to dismiss. "The plaintiff must satisfy "a flexible 'plausibility standard.' " Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir.2007). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, ---U.S. ----, ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (May 21, 2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." Id. McIntyre v. Longwood Central School Dist. 2008 WL 850263 (2008.)

### C. Plaintiff's FTCA Claim is not barred by the Discretionary Function Exception and is Adequately Stated

11. "The discretionary function exception to the Federal Tort Claims Act (FTCA) bars suit only if two conditions are met: (1) the acts alleged to be negligent must be discretionary, in that they involve an element of judgment or choice and are not compelled by statute or regulation and (2) the judgment or choice in question must be grounded in considerations of public policy or susceptible to policy analysis; satisfaction of only the first condition is not sufficient. 28

U.S.C.A. § 2680(a)." Coulthourst v. US 214 F.3d 106 (2000).

12. It appears that the defendants' argument contradicts itself. Initially they correctly allege that 18 USC 4042(a) imposes a duty on BOP to "provide for the safekeeping, care and subsistence of all persons charged with or convicted of all offences," Defendants' have the burden to demonstrate that Mr. Grant's death meets the discretionary function exception.

13. The very nature of defendants' role under the statute mandates that prisoner safety is paramount. The beating death of Mr. Grant in a dormitory within the prison which is surveilled 24 hours a day and 7 days a week by agents, servants, and employees of the defendants' required an appropriate and reasonable response to protect Mr. Grant from being murdered within his dormitory. "A plaintiff is thus eligible for recovery when an official, because of laziness, hastiness, or general carelessness, fails to perform his discretionary duty." See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 476 (2d Cir. 2006); Chen, 2011 WL 2039433. See also Farley v. US 2017 WL 3503727 (2017).

14. Defendants then erroneously state that BOP does not have a duty to reasonably protect Mr. Grant from being murdered. The seminal case within New York state courts regarding a prisons duty to protect inmates is Sanchez v. State of New York 99 N.Y.2d 247 (2002). Sanchez and its progeny state that the "...State could be held liable if attack was *reasonably foreseeable*, based on its knowledge derived from operation of a maximum security prison;" abrogating Smith v. State of New York, 284 A.D.2d 741, 728 N.Y.S.2d 530, Stanley v. State of New York, 239 A.D.2d 700, 657 N.Y.S.2d 481. The defendants'' are not required to have actually knowledge that prisoner's life is actually in danger.

## D. Conclusion

WHEREFORE, the plaintiff respectfully requests that this application for an Order: 1) compelling Defendants' to produce the names of the individual agents, servants, employees, and independent contractors who were tasked with the oversight and supervision of the area where the decedent was murdered and his body was found 2) compelling defendants to produce the names of all individual agents, servants, employees, and independent contractors of the Defendants who witnessed and/or were involved in the investigation of Plaintiff's death 3) compelling Defendants to produce any and all incident reports, witness statements, video surveillance, and any and all reports, documents, and statements depicting and concerning the incident surrounding Plaintiff's death; 4) and for such other, further and different relief as to this Honorable Court may deem just and proper.

Dated: New York, New York
       March 26, 2018

LAW OFFICE OF
ANDREW C. LAUFER, PLLC

_____

By: Andrew C. Laufer
Attorney for Plaintiff
CRECITA WILLIAMS AS PROPOSED
ADMINISTRATOR FOR THE ESTATE
OF ROBERTO GRANT
255 West 36th Street
Suite 1104
New York, New York 10018
(212) 422-1020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO: 17cv6779(WHP)

CRECITA WILLIAMS AS PROPOSED
ADMINISTRATOR FOR THE ESTATE OF
ROBERTO GRANT,

Plaintiff,

-against-

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS, and
EXECUTIVE ASSISTANT 'PLOURDE'
AND JOHN AND JANE DOE(S) AGENTS,
SERVANTS AND EMPLOYEES OF THE
DEFENDANTS

Defendants,

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND IN REPLY TO DEFENDANTS' OPPOSITION**

LAW OFFICE OF ANDREW C. LAUFER

**Attorney(s) for Plaintiff**

Office and Post Office Address
255 W. 36th Street, Suite 1104
New York, NY 10018

Tel: (212) 422 1020
Fax: (212) 422 1069

To:

Attorney(s) for:

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Dated:

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT
that an order of which the within is a true copy
will be presented for settlement to the HON one of the judges of the
within named Court at
on            at            M.
Dated,

Yours, etc.

Law Office of Andrew C. Laufer