UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

| | : | |
|---|---|---|
| CRECITA WILLIAMS, *as Proposed Administrator for the Estate of Roberto Grant*, | :<br>:<br>: | 17cv6779 |
| | : | MEMORANDUM & ORDER |
| Plaintiff, | :<br>: | |
| -against- | :<br>: | |
| UNITED STATES OF AMERICA, *et al.*, | :<br>: | |
| Defendants. | :<br>: | |

------------------------------------------------

WILLIAM H. PAULEY III, Senior United States District Judge:

Crecita Williams, as proposed administrator for the estate of Roberto Grant, brings this Federal Tort Claims Act and <u>Bivens</u> action against the United States of America, the Federal Bureau of Prisons, Executive Assistant Lee Plourde, and various John Does. Williams's claims arise out her son Roberto Grant's May 2015 death at the Metropolitan Correctional Center.

Williams moves to compel limited discovery before she files her amended complaint. Specifically, Williams asks this Court to order that Defendants produce: (1) the names of the agents tasked with supervising the area where Grant died; (2) the names of the agents who investigated Grant's death; and (3) incident reports, witness statements, surveillance, and other documents concerning Grant's death. (<u>See</u> Notice of Motion to Compel Discovery, ECF No. 17, at *1–2.) For the reasons that follow, Williams's motion to compel is denied.

"Except in certain limited circumstances . . . discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether [s]he has such a claim . . . ." <u>Podany v.</u>

Robertson Stephens, Inc., 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004). "[A]s Iqbal makes clear, a plausible claim must come before discovery, not the other way around." Angiulo v. Cty. of Westchester, 2012 WL 5278523, at *3 n.4 (S.D.N.Y. Oct. 25, 2012) (emphasis original).

Williams acknowledges that she seeks discovery to cure perceived deficiencies in her original complaint and to oppose Defendants' anticipated motion to dismiss. Although this is understandable, the case law is clear. "The mere filing of a complaint does not 'unlock the doors of discovery.'" Jacobs v. Tannenbaum Helpern Syracuse & Hirschritt, 2017 WL 432803, at *3 n.2 (S.D.N.Y. Jan. 30, 2017) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). And a plaintiff "is not entitled to engage in discovery in order to determine whether [she] can state a plausible claim." TechReserves Inc. v. Delta Controls Inc., 2014 WL 1325914, at *11 (S.D.N.Y. Mar. 31, 2014).

Defendants have raised legitimate concerns over whether this litigation can proceed, most notably whether Williams has standing, as she is only Grant's estate's "proposed" administrator. "Inasmuch as letters of administration have not been issued to [a] plaintiff, [s]he has no standing to sue." Garmon v. Cty. of Rockland, 2013 WL 541380, at *3 (S.D.N.Y. Feb. 11, 2013) (citation omitted). Defendants also challenge the adequacy of Williams's claims, including whether she can establish that any official knew of and disregarded an excessive risk to Grant's safety, and whether Defendants' liability is barred by the discretionary function exemption. This Court has not yet considered the merits of those arguments.

Williams asks this Court to employ New York C.P.L.R. § 3102, which allows a New York state court to order "disclosure to aid in bringing an action." See N.Y. C.P.L.R. § 3102. But this rule is inapplicable to federal actions. See Bryant v. Am. Fed'n of Musicians of the U.S. & Can., 666 F. App'x 14, 15 (2d Cir. 2016) (summary order) (holding § 3102 does not

2

apply to federal actions); Dublin Worldwide Prods. (USA), Inc. v. Jam Theatricals, Ltd., 162 F. Supp. 2d 275, 278 (S.D.N.Y. 2001) (noting difference between § 3102 and "federal limitations on pre-action discovery").  In federal lawsuits, the only procedure for pre-complaint discovery is Federal Rule of Civil Procedure 27, which can be invoked to preserve evidence not likely available at the time of trial.  It is "not [to] be used as a vehicle for discovery prior to filing a complaint."  In re Petition of Allegretti, 229 F.R.D. 93, 96 (S.D.N.Y. 2005).

Williams's reliance on Hogan v. Fisher, 738 F.3d 509 (2d Cir. 2013) is similarly misplaced.  In Hogan, the Second Circuit utilized a separate New York state procedural rule to determine whether a plaintiff was within the statute of limitations to file an amended complaint naming correction officers who were previously identified as John Does.  See Hogan, 738 F.3d at 518–20. The Court of Appeals did not order the defendants to produce the names of those John Does—it only remanded with instruction that the plaintiff 'should be permitted to continue his efforts to identify [them]." Hogan, 738 F.3d at 520.

Williams's desire to ascertain what happened to her son is certainly understandable.  A young man died while in the custody of the federal government, and so far, the reasons have been shrouded in mystery.  But until Williams establishes standing and that her claims are viable, the federal rules do not permit her the discovery she seeks.  This Court has allowed Williams time to complete the process to become administrator of Grant's estate. Accordingly, Williams's motion to compel discovery is denied at this time.  The Clerk of Court is directed to terminate the motion pending at ECF No. 17.

Dated: May 21, 2018
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

3