UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE MORRISON AS
ADMINISTRATOR FOR THE ESTATE
OF ROBERTO GRANT AND AS
MOTHER AND LEGAL GUARDIAN FOR
THE PROPERTY OF SG AND AG,
DECEDENTS MINOR CHILDREN,

            Plaintiff,

                            CASE NO: 17 Civ. 6779 (WHP)

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
EXECUTIVE ASSISTANT LEE
PLOURDE, CORRECTION OFFICER
KERN, AND JOHN AND JANE
DOE(S) AGENTS, SERVANTS AND
EMPLOYEES OF THE DEFENDANTS

            Defendants.

**AMENDED
COMPLAINT**

**Introduction**

Decedent Roberto Grant was formerly incarcerated with the Defendants at the Metropolitan Correction Center in lower Manhattan. On or about May 19, 2015, Mr. Grant was beaten to death at the facility. At the time of his death, Mr. Grant was 35 years of age.

Specifically, Mr. Grant died from "Blunt Force Trauma to the Head, Neck, Torso, And Extremities." His body was found in a "Multi-Inmate Federal Jail Cell...." Crecita Williams, Mr. Grant's mother and Nicole Morrison his ex-wife and mother of their twin daughters, went to MCC to identity his body.

Upon arriving at the prison, they were told that Mr. Grant died of a drug overdose and that he wasn't physically harmed. They were told this by Defendant Lee Plourde. This was

untrue. The toxicology report findings were "…without significant positivity."

In other words, no drugs or toxic substances were found in Mr. Grants system. Further, his remains were taken by agents, servants, and employees of the City of New York to Bellevue hospital. Ms. Williams and Morrison were able to identity Mr. Grant's remains there.

In addition, prior to his death, Mr. Grant expressed to his mother, Ms. Williams, and his ex-wife Nicole Morrison, that he was being harassed and physically threatened by Correction Officer Kern prior to his death.

Further, a friend and co-inmate of the decedent also stated that the decedent was being physically threatened and harassed by Correction Officer Kern prior to his death.

On January 10, 2017, the Office of the Chief Medical Examiner of the City of New York issued a Report of Autopsy deriving from an examination of Mr. Grants remains on May 19, 2015.

Specifically, the report stated that Mr. Grant died from "Petechial Hemorrhages of the Eyes, Periorbital Soft Tissue and Muscle, Oral Mucosa, Posterior Oropharynx, Base of Tongue, Trachea, Esophagus, and Temporalis Muscles. Blotchy Sclera Hemorrhages, Bilateral. Subcutaneous Emphysema, Eye Lids and Periorbital Tissues. Distention of Neck Veins and Temporal Vessels, Marked. Contusion, Right Lower Lip. Excoriations, Oral Mucosa of Lips. Neck Muscle and Soft Tissue Hemorrhages, Multiple, Bilateral, Tracheal Ring Hemorrhage, Large. Peri-Carotid Artery Hemorrhages, Bilateral. Hemorrhage of Tongue, Left (1/2"). Subscapular Hemorrhage (3), Occipital (2" Each). Cerebral Edema, Moderate. Hemorrhage, Left Forearm Muscle (5"), Right Elbow (1/2"), Left Shoulder (4"), And Right Lateral Chest Soft Tissues (1"). Deep Lung Parenchymal Laceration (1"), Left

Lower Lobe.  In other words, Mr. Grant was murdered via blunt force trauma.

Mr. Grant is also survived by two minor daughters he fathered with Ms. Morrison.

## Jurisdiction

1.      This action is brought pursuant to Federal Tort Claims Act, 28 U.S.C. § 2671, 28 U.S.C. §§ 1331, 1346(b) and the United States Constitution.

2.      On December 20, 2016, Plaintiff submitted an Administrative Claim for the claim set forth below to the Federal Bureau of Prisons, Northeast Regional Office. ("FBP").

3.      On June 7, 2017, Plaintiff's counsel received a right to sue letter and have filed this complaint within six (6) months of said date.

4.      This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1367(a).

5.      Venue is proper in the Southern District of New York because the acts or omissions which form the basis of the Plaintiff's claims occurred in Manhattan, New York.

## Parties

6.      Plaintiff is the former wife and Administrator for the Estate of Roberto Grant.  She is also the mother and legal guardian of the property for their minor children, SG and AG.

7.      Both the United States of America and its Federal Bureau of Prisons ("FBP") along with the individually named defendants above are appropriate defendants under the Federal Tort Claims Act and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

## Facts

8.      Plaintiff was incarcerated at the Metropolitan Correctional Center, New York (hereinafter MCC) located at 150 Park Row, New York, NY 10007 under ID number 69913054.

9.      While incarcerated at MCC, Plaintiff was beaten to death within a "...Multi-Inmate Jail Cell..." on or about May 19, 2015.

10.      Defendants failed to afford reasonable oversight, supervision and security of the decedent which caused and contributed to his death.

11.      Thereafter, Defendants did attempt to cover-up the circumstances under which the decedent died.

## AS AND FOR A FIRST CAUSE OF ACTION AS TO DEFENDANTS THEIR AGENTS, SERVANTS, AND EMPLOYEES

12.      Plaintiff repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "11" inclusive of this complaint with the same force and effect as if same were more fully set forth at length herein.

13.      That at all times hereinafter mentioned, and upon information and belief, the Defendants, owned, operated, maintained, controlled, supervised, rented, leased, subleased, and/or managed a portion and/or the entire premises located at 150 Park Row, New York, NY 10007.

14.      That at all times hereinafter mentioned, and upon information and belief the Defendants, more specifically, owned, operated, maintained, controlled, supervised, rented, leased, subleased, and/or managed "Multi-Inmate Federal Jail Cells" at the premises located at 150 Park Row, New York, NY 10007.

15.      That at all times hereinafter mentioned, and upon information and belief, the

Defendants, through their agents, servants and/or employees, operated, maintained, controlled, supervised, and managed "Multi-Inmate Federal Jail Cells" at the premises located at 150 Park Row, New York, NY 10007.

16.    That all times hereinafter mentioned, and upon information and belief, the Defendants, through their agents, servants and/or employees, more specifically, operated, maintained, controlled, supervised, and managed "Multi-Inmate Federal Jail Cells" that the Plaintiff was incarcerated at the time of the incident at the premises located at 150 Park Row, New York, NY 10007.

17.    That on or about May 19, 2015 and throughout the remainder of his incarceration at MCC, the Plaintiff was lawfully and properly at the aforesaid premises.

18.    That on or about the time period aforesaid, the Plaintiff was lawfully at the aforesaid premises the Defendants were responsible for his health, safety, and welfare at said premises.

19.    That on or about the date aforesaid, the Plaintiff was at the aforesaid premises and was severely physically injured resulting in his death at said premises, in an area where the Defendants, their agents, servants, or employees own, maintain, supervise, and control.

20.    That on or about the date aforesaid, and at the location aforesaid, due wholly solely to the negligence of the Defendants, their agents, servants and employees, as hereinafter alleged, the Plaintiff, was caused to suffer a serious injury resulting in his wrongful death at the aforesaid premises.

21.    That the negligence of the Defendants, their agents, servants and employees consisted of the negligent operation, maintenance, inspection, and control of the aforesaid premises; in negligently providing supervision and security related to the Plaintiff's health,

safety, and welfare, resulting in Plaintiff's severe injuries and death; in negligently allowing the Plaintiff to suffer severe injuries and be beaten to death due to the negligent conduct of the Defendants, their agents, servants, and employees; in failing to timely come to the Plaintiff's aid; in failing render timely emergency medical assistance which resulted in Plaintiff's death; in failing to render timely emergency security assistance to the Plaintiff in order to prevent his severe injuries and death; in negligently enacting security policies and procedures at said location of Plaintiff's severe injuries and death; in negligently deviating from the proper standard of care by failing to properly secure and supervise the Plaintiff and his assailants in the area where he was beaten to death; in failing to provide immediate assistance to the Plaintiff due to the defendants, their agents, servants, and employees negligent conduct; and in being in all ways generally careless, reckless and negligent including in the hiring, training, and supervision of its employees.

22.     That as a result of the negligence of the Defendants, their agents, servants, and employees, as hereinbefore alleged, the Plaintiff, was caused to be rendered sick, sore, lame and disabled and to sustain grievous injuries to himself resulting in his wrongful death, both internal and external, and to sustain severe conscious pain and suffering, mental anguish, and physical and emotional disability, and death, and further, said Plaintiff has been caused to expand and become liable for, great sums of money and has incurred special damages.

23.     Under the Federal Torts Claims Act, defendants United States of America and FBP are liable for the above described actions of their agents, servants and employees, as they were acting within the scope of their employment as security and medical personnel for the United States of America and its Federal Bureau of Prisons.

24.     That as a consequence of the foregoing, the Plaintiff, has been damaged in the

sum of not less than Twenty Million Dollars and 00/100.

## AS AND FOR A SECOUND CAUSE OF ACTION AS TO DEFENDANTS, THEIR AGENTS, SERVANTS, AND EMPLOYEES INCLUDING EXECUTIVE ASSISTANT LEE PLOURDE, CORRECTION OFFICER KERN, AND JOHN AND JANE DOE(S) (BIVEN'S ACTION)

25.     Plaintiff repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "24" inclusive of this complaint with the same force and effect as if same were more fully set froth at length herein.

26.     That on or about the date aforesaid, and at the location aforesaid, the Defendants, their agents, servants, and employees, with deliberate indifference to the Plaintiff's health, safety, and welfare, failed to render the Plaintiff assistance and caused and contributed to his severe injuries and death in violation of the Eighth Amendment to the United States Constitution on or about the date aforesaid, and at the location aforesaid. Further, Defendants deliberately attempted to 'cover-up' the facts and circumstances surrounding the Plaintiff's death.

27.     That on or about the date aforesaid, and at the location aforesaid, due wholly and solely to the deliberately indifferent and intentional acts and omissions of the aforesaid individually named Defendants, as hereinafter alleged, the Plaintiff, was caused to suffer severe personal injuries including wrongful death.

28.     That the Defendants, through acts and omissions, were deliberately indifferent to the health, safety, and welfare of the Plaintiff, in violation of the Eighth Amendment to the United States Constitution in the security, supervision, and emergency medical services rendered for and on behalf of the Plaintiff; in falling to use reasonable care, in failing to heed or adequately respond to Plaintiff's emergency condition; in departing from accepted standards in the security, supervision and oversight of the Plaintiff and in the medical procedures and treatment performed upon him; in failing to follow appropriate security and emergency medical

practice. Defendant, it's agents, servants and employees also failed to properly and timely treat the Plaintiff's injuries contributing to and resulting in his wrongful death; Defendants were deliberately indifference in causing and allowing Plaintiff to suffer severe injuries over a substantial period of time resulting in his death due to the deliberately indifferent and intentional conduct of the Defendants, their agents, servants, and employees; in causing and allowing the Plaintiff to suffer severe injuries resulting in his death; Defendants were deliberately indifferent in the manner they supervised the Plaintiff, his assailants and in the manner they treated Plaintiff's injuries; in deliberately causing and contributing to Plaintiff's severe injuries and death; in deliberately attempting to 'cover-up' the facts and circumstances surrounding the Plaintiff's death; and in being in all ways being deliberately indifferent to the health, safety, and welfare of the Plaintiff.

29.    That as a result of the intentional acts and deliberate indifference to the health, safety, and welfare of the Plaintiff, as hereinbefore alleged, the Plaintiff, was caused to be rendered sick, sore, lame and disabled and to sustain severe injuries, conscious pain and suffering, death, severe pain, mental anguish, and physical and emotional disability, and further, said Plaintiff has been caused to expend and become liable for, great sums of money and has incurred special damages including damages related to the 'cover-up' of the facts and circumstances surrounding the Plaintiff's death.

30.    Furthemore, under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), the individual Defendants are liable to the Plaintiff for violations of his constitutional rights.

31.    That as a consequence of the foregoing, the Plaintiff, has been damaged in the sum to be determined at trial for compensatory, pecuniary, and punitive damages with

attorney fees and costs against the individual Defendants and the agents, servants, and employees of the Defendants.

WHEREFORE, Plaintiff requests this Court to award compensatory and pecuniary damages against the United States of America and the FBP, in a sum of not less than Twenty Million Dollars and 00/100 and compensatory, pecuniary, and punitive damages with attorney fees and costs against the individual Defendants and the agents, servants, and employees of the Defendants and such other and further relief as appears reasonable.

Dated: New York, New York
         January 2, 2019

LAW OFFICE OF
ANDREW C. LAUFER, PLLC

By: Andrew C. Laufer
Attorney for Plaintiff
NICOLE MORRISON AS
ADMINISTRATOR FOR THE ESTATE
OF ROBERTO GRANT AND AS
MOTHER AND LEGAL GUARD FOR
THE PROPERTY OF SG AND AG,
DECEDENTS MINOR CHILDREN
255 West 36th Street, Suite 1104
New York, New York 10018
(212) 422-1020

UNITED STATES DISTRICT COURT                CASE NO: 17cv6779(WHP)
SOUTHERN DISTRICT OF NEW YORK

---

NICOLE MORRISON AS ADMINISTRATOR OF
ROBERTO GRANT AND AS MOTHER AND
LEGAL GUARDIAN FOR THE PROPERTY OF
SG AND AG, DECEDENTS MINOR CHILDREN

                                     Plaintiff,

-against-

UNITED STATES OF AMERICA, FEDERAL
BUREAU OF PRISONS, EXECUTIVE ASSISTANT
LEE PLOURDE, AND JOHN AND JANE DOE(S)
AGENTS, SERVANTS AND EMPLOYEES OF THE
DEFENDANTS,

                                     Defendants,

---

**AMENDED COMPLAINT**

---

LAW OFFICE OF ANDREW C. LAUFER

**Attorney(s) for Plaintiff**

Office and Post Office Address
255 W. 36th Street, Suite 1104
New York, NY 10018

Tel: (212) 422 1020
Fax: (212) 422 1069

---

To:

                               Signature (Rule 130-1.1-a)

                               _____
                               Print name beneath


                               Service of a copy of the within is hereby admitted.

                               Dated: _____

Attorney(s) for:

---

PLEASE TAKE NOTICE:

☐ <u>NOTICE OF ENTRY</u>
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

☐ <u>NOTICE OF SETTLEMENT</u>
that an order of which the within is a true copy
will be presented for settlement to the HON one of the judges of the
within named Court at
on             at             M.
Dated,                                      Yours, etc.

                                     Law Office of Andrew C. Laufer