UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE MORRISON, as Administrator for the
Estate of Roberto Grant, and NICOLE MORRISON,
as Mother and Legal Guardian for the Property of
AG and SG, Decedent's Minor Children,

                    Plaintiffs,

        v.                                          17 Civ. 6779 (WHP)

UNITED STATES OF AMERICA, FEDERAL
BUREAU OF PRISONS, CORRECTION OFFICER
KERN, EXECUTIVE ASSISTANT LEE
PLOURDE, and JOHN AND JANE DOE(S)
AGENTS, SERVANTS AND EMPLOYEES OF
THE DEFENDANTS,

                    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS BY
DEFENDANTS UNITED STATES OF AMERICA, FEDERAL BUREAU OF PRISONS,
OFFICER KEARINS, AND LEE PLOURDE**

                                        GEOFFREY S. BERMAN
                                        United States Attorney for the
                                        Southern District of New York
                                        86 Chambers Street, Third Floor
                                        New York, New York 10007
                                        (212) 637-2746

        JENNIFER C. SIMON
    Assistant United States Attorney
            *Of Counsel*

TABLE OF CONTENTS

PRELIMINARY STATEMENT .........................................................................................................1

ARGUMENT ...............................................................................................................................2

I.    Legal Framework ..........................................................................................................2

      A.    Standard of Review ............................................................................................2

      B.    Federal Tort Claims Act ....................................................................................3

      C.    Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics ....................5

II.   Plaintiff's Bivens Claim Must Be Dismissed Pursuant to Rule 12(b)(1) and 12(b)(6) .......7

      A.    Plaintiff's Bivens Claim Premised on an Alleged False Statement or "Cover Up"
            Fails to Allege the Violation of any Constitutional Right, Much Less One That
            Supports a Bivens Claim.....................................................................................7

      B.    Plaintiff Similarly Fails to State a Bivens Claim Premised on any Alleged
            Violation of the Eighth Amendment.................................................................9

      C.    Plaintiff Fails to Plausibly Allege any Personal Involvement by Kearins or
            Plourde .............................................................................................................11

III.  Plaintiff's Claim Under the FTCA Is Similarly Barred by Sovereign Immunity and Fails
      to State a Claim .............................................................................................................13

      A.    Plaintiff's Claims of Negligence on the Part of the United States Are Wholly
            Conclusory .......................................................................................................14

      B.    Plaintiff's FTCA Claim Is Barred by the Discretionary Function Exception........16

      C.    Plaintiff's Claim Against the United States Is Barred by Sovereign Immunity
            Because She Fails to State a Claim Under New York State Law ..........................19

CONCLUSION............................................................................................................................20

TABLE OF AUTHORITIES

**Cases**

*Adekoya v. Holder,*
  751 F .Supp. 2d 688 (S.D.N.Y. 2010) ................................................................... 11

*Arar v. Ashcroft,*
  585 F3d 559 (2d Cir. 2009) ................................................................................. 5

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................................. *passim*

*Banks v. United States,*
  No. 10 Civ. 6613, 2011 WL 4100454 (S.D.N.Y. Sept. 15, 2011) ........................... 18

*Barone v. United States,*
  No. 12 Civ. 4103, 2014 WL 4467780 (S.D.N.Y. Sept. 10, 2014) ........................... 2

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ................................................................................. 3, 10

*Berkowitz v. U.S.,*
  486 U.S. 531 (1991) ................................................................................. 16

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,*
  403 U.S. 388 (1971) ................................................................................. *passim*

*Cannonier v. Skipper-Scott,*
  18 Civ. 2383, 2019 U.S. Dist. LEXIS 27749, at *12-13 (S.D.N.Y. Feb. 20, 2019) ................. 6

*Cantor Fitzgerald, Inc. v. Lutnick,*
  313 F.3d 704 (2d Cir. 2002) ................................................................................. 3

*Carlson v. Green,*
  446 U.S. 14 (1980) ................................................................................. 5, 8, 18

*Castro v. United States,*
  34 F.3d 106 (2d Cir. 1994) ................................................................................. 4, 13

*Corr. Servs. Corp. v. Malesko,*
  534 U.S. 61 (2001) ................................................................................. 5

*Coulthurst v. U.S.,*
  214 F.3d 106 (2000) ................................................................................. 16, 18

*Cuoco v. U.S. Bureau of Prisons*,
  No. 98 Civ. 9009, 2003 WL 22203727 (S.D.N.Y. Sept. 22, 2003) .......................................... 18

*Davis v. Passman*,
  442 U.S. 228 (1979) ...................................................................................................... 5, 8

*Dunkelberger v. Dunkelberger, No. 14-cv-3877 (KMK)*,
  2015 WL 5730605 (S.D.N.Y. Sept. 30, 2015) ...................................................................... 13

*Enigwe v. Zenk*,
  No. 03 Civ. 854, 2007 WL 2713849 (E.D.N.Y. Sept. 14, 2007) ....................................... 17, 18

*Estelle v. Gamble*,
  429 U.S. 97 (1976) ............................................................................................................. 9

*Farmer v. Brennan*,
  511 U.S. 825 (1994) ........................................................................................................... 9

*Fazi v. U.S.*,
  935 F.2d 535 (2d Cir. 1991) ............................................................................................. 16

*FDIC v. Meyer*,
  510 U.S. 471 (1994) ........................................................................................................... 4

*First Nationwide Bank v. Gelt Funding Corp.*,
  27 F.3d 763 (2d Cir. 1994) ................................................................................................ 3

*Heslin v. County of Greene*,
  923 N.E.2d 1111 (N.Y. 2010) .......................................................................................... 13

*Hill v. Curcione*,
  657 F.3d 116 (2d Cir. 2011) .............................................................................................. 9

*Hooker v. U.S.*,
  No. 11 Civ. 2840, 2013 WL 3491089 (S.D.N.Y. July 12, 2013).......................................... 18

*In re Agent Orange Prod. Liab. Litig.*,
  818 F.2d 210 (2d Cir. 1987) ........................................................................................ 17, 18

*Jimenez v. Sommer*,
  No. 14 Civ. 5166, 2017 WL 3268859 (S.D.N.Y. July 28, 2017)............................................ 9

*Karoon v. N.Y.C. Transit Auth.*,
  659 N.Y.S.2d 27 (N.Y. App. Div. 1st Dep't 1997)................................................................. 20

*Keene Corp. v. United States,*
    700 F.2d 836 (2d Cir. 1983) ................................................................................ 7

*Lassic v. United States,*
    No. 14 Civ. 9959, 2015 U.S. Dist. LEXIS 123780 (S.D.N.Y. Sept. 16, 2015) .................. 4, 20

*M.E.S., Inc. v. Snell,*
    712 F.3d 666 (2d Cir. 2013) ................................................................................ 7

*Makarova v. United States,*
    201 F.3d 110 (2d Cir. 2000) ........................................................................ 2, 3, 4, 19

*Malik v. Meissner,*
    82 F.3d 560 (2d Cir. 1996) ................................................................................ 2

*Mathirampuzha v. Potter,*
    548 F.3d 70 (2d Cir. 2008) ................................................................................ 4

*McIntosh v. United States,*
    No. 14 Civ. 7889, 2016 U.S. Dist. LEXIS 44290 (S.D.N.Y. Mar. 31, 2016 ..................... 15

*Ochoa v. Bratton,*
    No. 16 Civ. 2852, 2017 U.S. Dist. LEXIS 195124 (S.D.N.Y. Nov. 27, 2017) .................... 5

*Qin Chen v. U.S.,*
    494 Fed. Appx. 108 (2d Cir. 2012) ................................................................... 19, 20

*Ramirez v. Tatum,*
    No. 17 Civ. 7801, 2018 U.S. Dist. LEXIS 214034 (S.D.N.Y. Dec. 19, 2018) .................... 4

*Rhodes v. Chapman,*
    452 U.S. 337 ................................................................................................ 18

*Robinson v. Overseas Military Sales Corp.,*
    21 F.3d 502 (2d Cir. 1994) ............................................................................... 2, 7

*Roundtree v. City of New York,*
    No. 15 Civ. 8198, 2018 U.S. Dist. LEXIS 51919 (S.D.N.Y. Mar. 27, 2018 ...................... 9

*Saint-Guillen v. United States,*
    657 F. Supp. 2d 376 (E.D.N.Y. 2009) ................................................................... 18

*Scrima v. Hasty,*
    No. 97 Civ. 8433, 1998 WL 661478 (S.D.N.Y. Sept. 24, 1998) ............................... 18

*Smith v. City of New York*,
  No. 14-cv-5934, 2015 WL 3929621 (S.D.N.Y. June 17, 2015) ............................................. 13

*Spinale v. U.S. Dep't of Agric.*,
  621 F. Supp. 2d 112 (S.D.N.Y. 2009) ...................................................................................... 4

*Suter v. United States*,
  441 F.3d 306 (4th Cir. 2006).................................................................................................. 19

*Syms v. Olin Corp.*,
  408 F.3d 95 (2d Cir. 2005)..................................................................................................... 19

*Tapia-Ortiz v. Doe*,
  171 F.3d 150 (2d Cir. 1999)................................................................................................... 13

*Thomas v. Ashcroft*,
  470 F.3d 491 (2d Cir. 2006).................................................................................................... 6

*Tianshu Li v. Aponte*,
  No. 05 Civ. 6237, 2008 WL 4308127 (S.D.N.Y. Sept. 16, 2008) .......................................... 19

*Tonelli v. United States*,
  60 F.3d 492 (8th Cir. 1995).................................................................................................... 19

*Triestman v. BOP*,
  470 F.3d 471 (2d Cir. 2006).................................................................................................... 18

*United States v. Gaubert*,
  499 U.S. 315 (1991) .......................................................................................................... 16, 17

*United States v. Mitchell*,
  445 U.S. 535 (1980) ............................................................................................................ 3, 4

*United States v. Orleans*,
  425 U.S. 807 (1976) ................................................................................................................ 4

*United States v. S.A. Empresa de Vicao Aerea Rio Grandense*,
  467 U.S. 797 (1984) .............................................................................................................. 17

*Velez v. City of New York*,
  730 F.3d 128 (2d Cir. 2013)................................................................................................... 20

*Wilson v. Seiter*,
  501 U.S. 294 (1991) ................................................................................................................ 9

vi

*Winters v. U.S.*,
   No. 10 Civ. 7571, 2013 WL 1627950 (S.D.N.Y. Apr. 16, 2013) ............................................ 18

*Ziglar v. Abbasi*,
   137 S. Ct. 1843 (2017) ..................................................................................... *passim*

**Statutes**

18 U.S.C. § 4042(a) .......................................................................................... 17

28 U.S.C. § 1346(b)(1) .................................................................................... 4, 16

28 U.S.C. § 2679 ........................................................................................... 4, 13

28 U.S.C. § 2680(a) ........................................................................................ 16, 17


N.Y. C.P.L.R. § 208 .......................................................................................... 13

Defendants United States of America, Federal Bureau of Prisons, Officer Michael Kearins,[1] and Officer Lee Plourde (collectively, "Defendants"), by their attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in support of their motion to dismiss the January 8, 2019, Amended Complaint, Dkt. No. 34 ("Amended Complaint"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff Nicole Morrison, the administrator of the estate of decedent Roberto Grant, asserts two causes of action against Defendants. First, she brings a claim under the Federal Tort Claims Act ("FTCA"), alleging that Defendants' negligence caused Mr. Grant's death while he was an inmate at the Metropolitan Correction Center ("MCC") located in New York City. *See* Am. Compl. ¶¶ 12-24. Second, she asserts a claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Defendants violated Mr. Grant's Eighth Amendment rights by acting with deliberate indifference to his health, safety and welfare, among other things. *See* Am. Compl. ¶¶ 25-31.[2]

The Amended Complaint does not allege that any Defendant was personally involved Mr. Grant's death. Rather, Plaintiff alleges that Mr. Grant died from blunt force trauma while he was being held in a multi-inmate cell at MCC. *See id.* at 1. She alleges that Mr. Grant was beaten by unidentified "assailants," *see id.* ¶ 21, and conclusorily asserts that his death was due to

---

[1] The Amended Complaint names an "Officer Kern" as a defendant. No first name is provided in the complaint, nor does the Amended Complaint provide any other basis to ascertain the identity of the individual named. As there has been no Officer "Kern" employed by BOP at MCC, and for the purposes of this motion only, it is assumed that Plaintiff intends to refer to Officer Michael Kearins due only to the rough similarity in last name.

[2] The allegations in the Amended Complaint are taken as true only for the purposes of this motion.

Defendants' negligence or a violation of Mr. Grant's rights under the Eighth Amendment. Plaintiff also alleges that she was initially told that Mr. Grant died of a drug overdose and that this was an untrue statement because no drugs were found in Mr. Grant's system during a later autopsy. *See id.* at 1-2. She asserts that this was an attempt to "cover up" the actual cause of Mr. Grant's death. *Id.* ¶ 11.

This action was initially commenced on September 6, 2017, by Crecita Williams, the mother of Mr. Grant. The original complaint named the United States, BOP and Mr. Plourde as defendants, but did not name Officer Kearins. Subsequently, on January 8, 2019, the Amended Complaint was filed. In lieu of Crecita Williams, the Amended Complaint identifies Nicole Morrison as the plaintiff. The Amended Complaint also added Officer Kearins as a defendant for the first time.

ARGUMENT

I.      **Legal Framework**

A.      **Standard of Review**

On a motion to dismiss brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a plaintiff carries the burden of establishing that the Court has subject matter jurisdiction to adjudicate his complaint. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996) (citing *Robinson v. Overseas Military Sales Corp*., 21 F.3d 502, 507 (2d Cir. 1994) ("The burden of proving jurisdiction is on the party asserting it.") (internal quotation marks omitted)).

Dismissal for lack of subject matter jurisdiction is proper under Rule 12(b)(1) when the Court lacks statutory or constitutional power to adjudicate it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When assessing a motion brought under Rule 12(b)(1), the Court may consider evidence outside of the pleadings. *Id.*; *Barone v. United States*, No. 12 Civ. 4103, 2014 WL 4467780, at *4 (S.D.N.Y. Sept. 10, 2014).

On a Rule 12(b)(6) motion, the Court must accept all well-pleaded allegations contained in the complaint as true and draw all reasonable inferences in favor of Plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (citation and internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failure to state a claim. *Id.* at 679.

To withstand a motion to dismiss, a complaint must contain sufficient facts that state a plausible claim for relief. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Nevertheless, courts need not give "credence to plaintiff's conclusory allegations." *Cantor Fitzgerald, Inc. v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002) (internal quotation marks and citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### B.      Federal Tort Claims Act

It is well-settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Makarova*, 201 F.3d at 113 (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). Moreover, "the doctrine of sovereign immunity is jurisdictional in

3

nature, . . . and therefore to prevail, the plaintiff bears the burden of establishing that her claims fall within an applicable waiver." *Id.* (citing *FDIC v. Meyer*, 510 U.S. 471 (1994)).

The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for certain suits arising from injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of [her] office or employment." 28 U.S.C. § 1346(b)(1). Specifically, the FTCA makes "the [f]ederal [g]overnment liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976); *Mathirampuzha v. Potter*, 548 F.3d 70, 80 (2d Cir. 2008). In addition, "[u]nder the FTCA, courts are bound to apply the law of the state . . . where the accident occurred." *Makarova*, 201 F.3d at 114 (2d Cir. 2000); *see also Lassic v. United States*, No. 14 Civ. 9959, 2015 U.S. Dist. LEXIS 123780, *10 (S.D.N.Y. Sept. 16, 2015) (A federal court "does not have jurisdiction over an FTCA action based on a legal claim that is unavailable in the state where the act occurred.") (citing 28 U.S.C. § 1346(b)(1)).

As is relevant here, the only proper defendant in an FTCA action is the United States. *See* 28 U.S.C. § 2679, *Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994) ("[T]he United States has not waived its sovereign immunity with respect to claims that its employees have committed constitutional torts, and . . . a claimant's exclusive remedy for nonconstitutional torts by a government employee acting within the scope of his employment is a suit against the government under the FTCA"); *Ramirez v. Tatum*, No. 17 Civ. 7801, 2018 U.S. Dist. LEXIS 214034, at *25 (S.D.N.Y. Dec. 19, 2018) (citing *Spinale v. U.S. Dep't of Agric.*, 621 F. Supp. 2d 112, 117 (S.D.N.Y. 2009), *aff'd* 356 Fed. App'x. 465 (2d Cir. 2009) (summary order)).

C.    *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*

In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001). However, the Supreme Court has made clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017).

Accordingly, a court faced with a *Bivens* claim "must first determine whether a *Bivens* action encompassing that claim has already been recognized, or whether the claim presents a potentially new context." *Ochoa v. Bratton*, No. 16 Civ. 2852, 2017 U.S. Dist. LEXIS 195124, at *15 (S.D.N.Y. Nov. 27, 2017) (citing *Abbasi*, 137 S.Ct. at 1857). "If the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court, then the context is new." *Abbasi*, 137 S. Ct. at 1859.

A *Bivens* remedy is an "extraordinary thing that should rarely if ever be applied in 'new contexts.'" *Arar v. Ashcroft*, 585 F3d 559, 571 (2d Cir. 2009) (quoting *Malesko*, 534 U.S. at 66). The Supreme Court has recognized only three categories of claims as viable *Bivens* actions: (1) an unreasonable search and seizure in violation of the Fourth Amendment, *Bivens*, 403 U.S. at 397; (2) employment discrimination in violation of the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 248-49 (1979); and (3) failure to treat an inmate's medical condition in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). Since its decision in *Carlson*, the Supreme Court has "consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Malesko*, 534 U.S. at 68; *see also Abbasi*, 137 S. Ct. at 1857.

"The proper test for determining whether a case presents a new Bivens context is as follows. If the case is different in a meaningful way from previous Bivens cases decided by this

Court, then the context is new." *Abbasi*, 137 S. Ct. at 1859.  In particular, a case "might differ in a meaningful way" based on "the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider."  *Id.* at 1860.

Second, if Plaintiff's *Bivens* claim presents a new context, the district court must then determine whether there are "special factors counselling hesitation" in creating a *Bivens* remedy.  *Id.* at 1857; *Cannonier v. Skipper-Scott*, 18 Civ. 2383, 2019 U.S. Dist. LEXIS 27749, at *12-13 (S.D.N.Y. Feb. 20, 2019).  Although the Supreme Court has not enumerated each of those "special factors," "if there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong, the courts must refrain from creating the remedy" out of respect for the separation of powers.  *Abbasi* at 1858.  Further, "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action."  *Id.*

In addition to the above, to state a *Bivens* claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676 (emphasis added).  Vicarious liability is inapplicable to a *Bivens* claim.  *Id.*  A plaintiff must plead that each individual defendant acted with "purpose rather than knowledge" to satisfy this standard.  *Id.* at 677; *see also Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) ("Because the doctrine of *respondeat superior* does not apply in Bivens

actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation.").

## II.     Plaintiff's *Bivens* Claim Must Be Dismissed Pursuant to Rule 12(b)(1) and 12(b)(6)

As a preliminary matter, *Bivens* actions can only be brought against a federal employee in his or her individual capacity.  The Court lacks subject matter jurisdiction as to constitutional claims asserted against the United States, BOP, and any federal officer acting in his or her official capacity.  *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *Keene Corp. v. United States*, 700 F.2d 836, 845 (2d Cir. 1983).  *Bivens* allows only certain individual-capacity claims for money damages against federal officials for violations of certain constitutional rights.  *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013).  Thus, all *Bivens* claims asserted against the United States, BOP, or any federal officer in their official capacity should be dismissed.

As to the *Bivens* claim asserted against Mr. Plourde and Officer Kearins in their individual capacities, Plaintiff's claim appears to be based on two theories.  First, Plaintiff alleges that "Defendants deliberately attempted to 'cover-up' the facts and circumstances surrounding the Plaintiff's death."  Am. Compl. ¶ 26.  Second, Plaintiff alleges that Defendants violated the Eighth Amendment.  Under either theory, Plaintiff fails to state a cause of action and fails to allege any personal involvement by Mr. Plourde or Officer Kearins in the violation of any constitutional right.

### A.     Plaintiff's *Bivens* Claim Premised on an Alleged False Statement or "Cover Up" Fails to Allege the Violation of any Constitutional Right, Much Less One That Supports a *Bivens* Claim.

To the extent Plaintiff brings a *Bivens* claim premised upon the alleged false statement to her that Mr. Grant died of a drug overdose, Plaintiff fails to allege the violation of any

constitutional right by Mr. Plourde or Officer Kearins, much less one that supports a *Bivens* claim.

As set forth above, Plaintiff alleges that, upon arriving at MCC to identify Mr. Grant's body, Mr. Plourde told her that Mr. Grant "died of a drug overdose and that he wasn't physically harmed." Am. Compl. at 1. Plaintiff further alleges that this statement was "untrue." *Id.* at 2. Plaintiff then alleges that "Defendants did attempt to cover-up the circumstances under which the decedent died." *Id.* ¶ 11.

However, Plaintiff identifies no constitutional right whatsoever that was violated when Mr. Plourde allegedly falsely told her that Mr. Grant died of a drug overdose. Moreover, even were some constitutional right implicated by statement, such a claim would certainly present a "new" *Bivens* context – it differs "in a meaningful way from previous Bivens cases decided" by the Supreme Court. *Abbasi*, 137 S. Ct. at 1859. In particular, Plaintiff's allegation of a "cover up" does not assert a violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 397, nor violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. at 248-49 , nor a violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14.[3] Moreover, particularly given the sparse allegations here, there are "sound reasons to think Congress might doubt the efficacy or necessity" of creating a *Bivens damages* remedy in this new context, *i.e.* where a federal employee is alleged to have a made an untrue statement regarding the cause of death and it is not

---

[3] It is unclear whether Plaintiff intended to assert the alleged cover-up is part of an Eighth Amendment violation, or whether she is attempting to allege a separate Bivens claim on this ground. *See* Am. Compl. ¶ 28 (alleging that "Defendants . . . were deliberately indifferent to the health, safety, and welfare of the Plaintiff, in violation of the Eighth Amendment[.] . . . [and] were deliberately indifferent in the manner they supervised the Plaintiff, his assailants and in the manner they treated Plaintiff's injuries; . . . [and] in deliberately attempting to 'cover-up' the facts and circumstances surrounding the Plaintiff's death[.]"). To the extent Plaintiff intended only to assert the alleged cover up as part of an Eighth Amendment violation, she also fails to state a claim for the reasons stated below.

even alleged that the employee personally knew the statement to be "untrue" at the time it was made.

### B.    Plaintiff Similarly Fails to State a *Bivens* Claim Premised on any Alleged Violation of the Eighth Amendment

Plaintiff similarly fails to state a *Bivens* claim premised on any alleged violation of the Eighth Amendment.  To maintain a *Bivens* action in the context of an alleged violation of the Eighth Amendment, plaintiff must plausibly allege a "deliberate indifference to a prisoner's serious medical needs."  *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  "The standard for deliberate indifference includes a subjective component and an objective component."  *Id.*  As to the subjective component, "the official charged with deliberate indifference must act with a 'sufficiently culpable state of mind.'"  *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).   In other words, "a plaintiff must plausibly allege that [an individual] Defendant 'knew of and disregarded an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  *Jimenez v. Sommer*, No. 14 Civ. 5166, 2017 WL 3268859, at *8 (S.D.N.Y. July 28, 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs."  *Estelle v. Gamble*, 429 U.S. at 104-05.  As to non-medical personnel, such as Officer Kearins and Mr. Plourde, a plaintiff must plausibly allege that defendants "intentionally den[ied] or delay[ed] access to medical care or intentionally interfere[d] with the treatment once prescribed."  *Id.; see also Roundtree v. City of New York*, No. 15 Civ. 8198, 2018 U.S. Dist. LEXIS 51919, at *6 (S.D.N.Y. Mar. 27, 2018) (dismissing a claim of deliberate indifference by non-medical personnel and holding that such a claim requires plaintiff to show that non-medical

personnel "intentionally delayed access to medical care when the inmate was in extreme pain and has made his medical problems known to the attendant prison personnel or that the inmate suffered a complete denial of medical treatment.").

Here, Plaintiff merely makes conclusory allegations that all of the Defendants, "with deliberate indifference to the Plaintiff's health, safety, and welfare, failed to render the Plaintiff assistance and caused and contributed to his severe injuries and death in violation of the Eighth Amendment," Am. Compl. ¶ 26, and other similarly conclusory allegations.  The Amended Complaint is wholly devoid of factual allegations from which it can be inferred that either Mr. Plourde or Officer Kearins had any personal involvement in any action to "intentionally deny or delay access to medical care" or to "intentionally interfere with treatment once prescribed."

Instead, the Amended Complaint contains precisely the sort of "labels and conclusions, and a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted), that plainly do not suffice to assert a *Bivens* claim against either Mr. Plourde or Officer Kearins in their individual capacity.  *See also Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." (internal quotations omitted).  For instance, Paragraph 28 of the Amended Complaint, in which Plaintiff purports to set forth the basis of her Eighth Amendment claim, instead merely references unidentified "acts and omissions"  and is nothing more than a blanket list of conclusory, catch-all allegations in which Plaintiff attempts to identify possible variations of a hypothetical violation of the Eighth Amendment.[4]

---

[4] In full, paragraph 28 of the Amended Complaint states:  "Defendants, through acts and omissions, were deliberately indifferent to the health, safety, and welfare of the Plaintiff, in violation of the Eighth Amendment to the United States Constitution in the security, supervision,

The Amended Complaint accordingly fails to state a claim that Officer Kearins or Mr. Plourde violated Mr. Grant's constitutional rights under the Eighth Amendment. *See, e.g., Adekoya v. Holder,* 751 F .Supp. 2d 688, 691, 697 (S.D.N.Y. 2010) (finding conclusory allegations that medical staff defendants were aware of plaintiff's medical needs and failed to provide adequate care insufficient to defeat a motion to dismiss a claim of inadequate medical care).

### C.    Plaintiff Fails to Plausibly Allege any Personal Involvement by Kearins or Plourde

In addition to the above deficiencies, Plaintiff fails to state a claim under *Bivens* against Mr. Plourde or Officer Kearins because she fails to plausibly allege any personal involvement whatsoever by either individual in the violation of any constitutional right.  As noted above plaintiff bringing a *Bivens* claim "must plead that each Government-official defendant through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009).  Further, a plaintiff must plead that each individual defendant acted with

---

and emergency medical services rendered for and on behalf of the Plaintiff; in failing to use reasonable care, in failing to heed or adequately respond to Plaintiff's emergency condition; in departing from accepted standards in the security, supervision and oversight of the Plaintiff and in the medical procedures and treatment performed upon him; in failing to follow appropriate security and emergency medical practice.  Defendant, it's [*sic*] agents, servants and employees also failed to properly and timely treat the Plaintiff's injuries contributing to and resulting in his wrongful death; Defendants were deliberately indifference [*sic*] in causing and allowing Plaintiff to suffer severe injuries over a substantial period of time resulting in his death due to the deliberately indifferent and intentional conduct of the Defendants, their agents, servants, and employees; in causing and allowing the Plaintiff to suffer severe injuries resulting in his death; Defendants were deliberately indifferent in the manner they supervised the Plaintiff, his assailants and in the manner they treated Plaintiff's injuries; in deliberately causing and contributing to Plaintiff's severe injuries and death; and in deliberately attempting to 'cover-up' the facts and circumstances surrounding the Plaintiff's death; and in being in all ways being [*sic*] deliberately indifferent to the health, safety, and welfare of the Plaintiff."  Am. Compl. ¶ 28.

"purpose rather than knowledge" to satisfy this standard.  *Id.* at 677.  Here, Plaintiff alleges no

such personal involvement by any individual defendant.

With respect to Mr. Plourde, the Complaint contains one allegation of specific conduct by

Mr. Plourde personally.  Plaintiff alleges that Mr. Plourde told her that Grant "died of a drug

overdose and that he wasn't physically harmed."  Am. Compl. at 1.  Plaintiff alleges that this

statement was "untrue." *Id.* at 2. Even assuming this allegation as true for purposes of this

motion, neither this nor any other allegation suffices to plausibly support a claim that Mr.

Plourde was personally involved in the violation of any constitutional right, much less one that

would support a *Bivens* claim against him.

Meanwhile, the Amended Complaint contains only two allegations relating to conduct by

Officer Kearins personally.  The Amended Complaint alleges that "prior to his death, Mr. Grant

expressed to his mother, Ms. Williams, and his ex-wife Nicole Morrison, that he was being

harassed and physically threatened by Correction Officer Kern prior to his death."   Am. Compl.

at 2.  In near identical fashion, the next paragraph of the Amended Complaint alleges that an

unidentified "friend and co-inmate of the decedent also stated that the decedent was being

physically threatened and harassed by Correction Officer Kern prior to his death."  Am. Compl.

at 2.

As with Mr. Plourde, the allegations regarding Officer Kearins are devoid of factual

assertions that would plausibly support a claim that Officer Kearins was personally involved in

any conduct giving rise to the *Bivens* claims asserted in Plaintiff's Second Cause of Action.

Moreover, to the extent Plaintiff also intends to assert a *Bivens* claim premised on the vague

allegations that Mr. Grant was "physically threatened" or "harassed" by Officer Kearins, he fails

to state a claim on that basis as well.   Even assuming a *Bivens* remedy for an excessive force

12

claim exists, although the Supreme Court has never recognized one, "[a] threat of force does not constitute excessive force." *Dunkelberger v. Dunkelberger*, No. 14-cv-3877 (KMK), 2015 WL 5730605, at *15 (S.D.N.Y. Sept. 30, 2015) (collecting cases); *Smith v. City of New York,* No. 14-cv-5934, 2015 WL 3929621, at *3 n. 3 (S.D.N.Y. June 17, 2015) ("To the extent that [the plaintiff] intends to assert an excessive force claim based on threats of violence in his affidavit, the claim would fail because, in [the Second] Circuit, neither mere verbal abuse nor mere threats of force support an excessive force claim.").[5]

### III.   Plaintiff's Claim Under the FTCA Is Similarly Barred by Sovereign Immunity and Fails to State a Claim

As a preliminary matter, the only proper defendant in an FTCA action is the United States. *See* 28 U.S.C. § 2679, *Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994) ("[T]he United States has not waived its sovereign immunity with respect to claims that its employees have committed constitutional torts, and . . . a claimant's exclusive remedy for nonconstitutional torts by a government employee acting within the scope of his employment is a suit against the government under the FTCA"). Accordingly, the FTCA claims alleged against BOP, Kearins and Plourde under the First Cause of Action in the Amended Complaint (*see* Am. Compl. ¶¶ 12-24) should be dismissed.

---

[5] To the extent the case proceeds against Officer Kearins and depending on facts developed during discovery, Officer Kearins expressly reserves the defense that the claims against him are barred by the applicable statute of limitations. The statute of limitations for a *Bivens* action arising in New York is three years. *Tapia-Ortiz v. Doe*, 171 F.3d 150, 151 (2d Cir. 1999). However, the claims against Officer Kearins were first asserted in the Amended Complaint on January 8, 2019, more than three years after the date of the alleged injury. Although federal courts in New York apply New York's tolling rules to *Bivens* claims, the infancy toll set forth in N.Y. C.P.L.R. § 208 does not apply to personal injury claims and therefore would not apply to Plaintiff's claims as the administrator of Mr. Grant's estate. *See Heslin v. County of Greene*, 923 N.E.2d 1111 (N.Y. 2010).

Moreover, as detailed below, Plaintiff's FTCA claim asserted against the United States also fails.  First, even assuming Plaintiff's statements regarding the circumstances of Mr. Grant's death are true, *i.e.* that Mr. Grant was "beaten to death within a Multi-Inmate Jail Cell on or about May 19, 2015," Plaintiff's allegations regarding any negligence on the part of the United States are wholly conclusory.[6]  Second, to the extent Plaintiff alleges that the Government "failed to afford reasonable oversight, supervision and security of the decedent," not only are the allegations conclusory and lacking in factual support of any kind, Plaintiff's claim is barred by the discretionary function exception.  Finally, Plaintiff's claim against the United States is barred because Plaintiff fails to state a claim under New York state law, and under the FTCA a federal court does not have jurisdiction over an action based on a legal claim that is unavailable in the state where the act occurred.

### A.  Plaintiff's Claims of Negligence on the Part of the United States Are Wholly Conclusory

Plaintiff's First Cause of Action, alleging negligence against the United States under the FTCA, contains no factual allegations against the United States that would support a plausible inference that some negligence by the United States caused the death of Mr. Grant.  Instead, the allegation of negligence is wholly conclusory: "Defendants failed to afford reasonable oversight, supervision and security of the decedent which caused and contributed to his death."  Am. Compl. ¶ 10.  In even more general terms, Plaintiff asserts in a catch-all paragraphs contained in the causes of action:

---

[6] Although Plaintiff's factual allegations are taken as true for the purposes of this motion, the Government otherwise disputes Plaintiff's allegations.  Here, the Government notes that the report of the Office of the Chief Medical Examiner, incorporated by reference into the Amended Complaint, does not state that Mr. Grant was beaten to death, but rather concludes that the cause of Mr. Grant's death was undetermined.

That . . . due wholly solely to the negligence of Defendants, their agents, servants and employees, . . . the Plaintiff, was caused to suffer a serious injury resulting in his wrongful death[.]

That the negligence of Defendants . . . consisted of the negligent operation, maintenance, inspection, and control of the aforesaid premises; in negligently providing supervision and security related to the Plaintiffs health, safety, and welfare, resulting in Plaintiffs severe injuries and death; in negligently allowing the Plaintiff to suffer severe injuries and be beaten to death due to the negligent conduct of the Defendants, their agents, servants, and employees; in failing to timely come to the Plaintiffs aid; in failing render timely emergency medical assistance which resulted in Plaintiffs death; in failing to render timely emergency security assistance to the Plaintiff in order to prevent his severe injuries and death; in negligently enacting security policies and procedures at said location of Plaintiffs severe injuries and death; in negligently deviating from the proper standard  of care by failing to properly secure and supervise the Plaintiff and his assailants in the area where he was beaten to death; in failing to provide immediate assistance to the Plaintiff due to the defendants, their agents, servants, and employees negligent conduct; and in being in all ways generally careless, reckless and negligent including in the hiring, training, and supervision of its employees."

Am. Compl. ¶¶ 20-21.

These assertions in the Amendment lack any factual allegations from which negligence on the part of the United States could be plausibly inferred, and the Supreme Court has held insufficient precisely the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation." *See Iqbal*, 556 U.S. at 678.  As noted above, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Id.*  (internal quotations omitted); *see also McIntosh v. United States*, No. 14 Civ. 7889, 2016 U.S. Dist. LEXIS 44290, at *31-32 (S.D.N.Y. Mar. 31, 2016).  Plaintiff accordingly fails to state a claim under the FTCA against the United States.

## B.    Plaintiff's FTCA Claim Is Barred by the Discretionary Function Exception

Second, Plaintiff's FTCA claim against the United States is barred by the discretionary function exception.  The FTCA provides a limited waiver of sovereign immunity, permitting tort

suits against the United States for "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]"  28 U.S.C. § 1346(b)(1).  However, the FTCA the statute specifically exempts from the waiver of sovereign immunity "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform *a discretionary function or duty* on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a) (emphasis added).

The discretionary function exception bars claims if: (1) "the acts alleged to be negligent [are] discretionary, in that they involve an 'element of judgment or choice' and are not compelled by statute or regulation," and (2) "the judgment or choice in question [is] grounded in 'considerations of public policy' or susceptible to policy analysis."  *Coulthurst v. U.S.*, 214 F.3d 106, 109 (2000) (quoting *U.S. v. Gaubert*, 499 U.S. 315, 322-23 (1991), and *Berkowitz v. U.S.*, 486 U.S. 531, 536-37 (1991).  "[I]f a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations."  *Gaubert*, 499 U.S. at 324.  Where the plaintiff's claim falls within the exception, the claim fails because federal courts lack subject matter jurisdiction over the claim.  *See Fazi v. U.S.*, 935 F.2d 535, 537-38 (2d Cir. 1991).

The purpose of the discretionary function exception "is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort."  *Gaubert*, 499 U.S. at 323 (internal quotation marks omitted).  As the Supreme Court has explained, "[t]he discretionary function exception . . . marks the boundary between Congress' willingness to impose tort liability upon the United

States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. S.A. Empresa de Vicao Aerea Rio Grandense*, 467 U.S. 797, 808 (1984).

"For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Gaubert*, 499 U.S. at 324-25. "If the governmental action is the product of judgment or choice, the discretionary function exception applies unless the plaintiff can show that the judgment is not of the kind that the exception was designed to shield." *Enigwe v. Zenk*, No. 03 Civ. 854, 2007 WL 2713849, at *8 (E.D.N.Y. Sept. 14, 2007) (citing *Gaubert*, 499 U.S. at 323). "[W]here . . . the Government is performing a discretionary function," even "the fact that discretion is exercised in a negligent manner does not make the discretionary function exception inapplicable." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 215 (2d Cir. 1987); *see also* 28 U.S.C. § 2680(a) (barring any FTCA claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, *whether or not the discretion involved be abused*" (emphasis added)).

Here, Plaintiff's FTCA claim against the United States, conclusorily alleging negligence in the oversight and security of MCC, falls squarely within the discretionary function. Plaintiff accordingly fails to state a legally cognizable claim over which this Court has subject matter jurisdiction. Although 18 U.S.C. § 4042(a) imposes a duty on BOP to "provide for the safekeeping, care and subsistence of all persons charged with or convicted of offences," *id.*, courts have consistently concluded that "[t]he absence of specific guidelines of appropriate conduct by BOP officials in administering these duties, therefore, leaves judgment or choice to

17

BOP officials." *Scrima v. Hasty,* No. 97 Civ. 8433, 1998 WL 661478, at *3 (S.D.N.Y. Sept. 24, 1998). Further, "[t]he internal security of prisons is normally left to the discretion of prison administrators." *Hooker v. U.S.*, No. 11 Civ. 2840, 2013 WL 3491089, at *6 (S.D.N.Y. July 12, 2013) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 n.14(1981); *see also Winters v. U.S.*, No. 10 Civ. 7571, 2013 WL 1627950, at *5 (S.D.N.Y. Apr. 16, 2013) ("[D]ecisions about how to safeguard prisoners are discretionary.") (citing *Enigwe*, 2007 WL 2713849, at *8; *Banks v. United States*, No. 10 Civ. 6613, 2011 WL 4100454, at *13 (S.D.N.Y. Sept. 15, 2011) ("[T]here is no question that [the correction officer's] conduct [breaking up a fight between two inmates] was the product of a 'judgment or choice.'"), *report and recommendation adopted*, 2011 WL 5454550 (S.D.N.Y. Nov. 9, 2011). [7]

Moreover, to the extent Plaintiff alleges that the United States was "negligent . . . in the hiring, training, and supervision of its employees," Am. Compl. ¶ 21, "challenges to the personnel decisions of the United States are [also] barred by the discretionary function exception to the FTCA." *Cuoco v. U.S. Bureau of Prisons*, No. 98 Civ. 9009, 2003 WL 22203727, at *6 (S.D.N.Y. Sept. 22, 2003) (collecting cases); *see also Saint-Guillen v. United States*, 657 F. Supp. 2d 376, 387 (E.D.N.Y. 2009) ("[F]ederal courts have found that such hiring, training, and supervision decisions generally fall within the exception."); *Tianshu Li v. Aponte*, No. 05 Civ. 6237, 2008 WL 4308127, at *8 (S.D.N.Y. Sept. 16, 2008) (collecting cases). "Permitting FTCA

---

[7] Although the Second Circuit has concluded that a "carve-out" exists within the discretionary function exception in this context, it applies only to the extent a plaintiff alleges that he or she was harmed by an act or omission of a federal defendant that was "out of laziness or was carelessly inattentive." *Coulthurst*, 214 F.3d at 110; *Triestman v. BOP*, 470 F.3d 471 (2d Cir. 2006). This so-called "negligent guard theory" permits a claim to proceed if plaintiff can show that the complained-of act or omission was "unrelated to any plausible policy objectives." *Coulthurst*, 214 F.3d at 111. Just as in *Banks v. United States*, 2011 WL 4100454, at *13, however, Plaintiff here "has not alleged any facts suggesting [a specific BOP official's] actions were born of laziness or inattentiveness." *Id*. at 15.

claims involving negligent hiring would require [the] court[s] to engage in the type of judicial second-guessing that Congress intended to avoid." *Tonelli v. United States*, 60 F.3d 492, 496 (8th Cir. 1995); *accord Suter v. United States*, 441 F.3d 306, 312 n.6 (4th Cir. 2006).

 As the above case law makes clear, Plaintiff's FTCA claim accordingly falls squarely within the discretionary function, and Plaintiff fails to state a legally cognizable claim over which this Court has subject matter jurisdiction.

###  C. Plaintiff's Claim Against the United States Is Barred by Sovereign Immunity Because She Fails to State a Claim Under New York State Law

 Finally, the FTCA's waiver of sovereign immunity is limited to "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* In other words, "[t]he statute looks to state substantive law to determine whether the plaintiff has a valid cause of action." *Syms v. Olin Corp.*, 408 F.3d 95, 107 (2d Cir. 2005); *see also Makarova*, 201 F.3d at 114 ("Under the FTCA, courts are bound to apply the law of the state . . . where the accident occurred."). Here, Plaintiff's claim against the United States is barred because she fails to state a claim under New York state law.

 First, the Amended Complaint does not contain any allegations from which a reasonable inference could be drawn that defendants failed to protect Mr. Grant from a foreseeable harm. To maintain an action for negligence under New York law, "a plaintiff must show that there was (1) a duty owed to the plaintiff by the defendant, (2) breach of that duty by the defendant, and (3) injury sustained by the plaintiff substantially as a result of the breach." *Qin Chen v. U.S.*, 494 Fed. Appx. 108, 109 (2d Cir. 2012). And, although "a correctional facility owes a duty of care to safeguard inmates, even from attacks by fellow inmates, [t]his does not. . . render a correctional facility an insurer of inmate safety." *Id.* Rather, *"[t]he scope of the duty is limited to risks of*

*harm that are reasonably foreseeable*. . . .   In other words, for [Defendant] to be liable, [Plaintiff] must show that it knew or should have known of the risk of harm[.]"  *Id.* (emphasis added).

Here, the Complaint does not make any allegations from which a plausible inference could be drawn that defendants negligently failed to protect Mr. Grant from a foreseeable harm, and plaintiff has accordingly failed to "plead[] factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable[.]"  *Iqbal*, 556 U.S. at 678 (2009).

Second, again as to any claims against the United States alleging negligent hiring, training, retention or supervision of its employees, such claims are barred under the circumstances presented here because New York law does not support such a claim.  Claims alleging negligent hiring, retention and supervision are not cognizable under New York law where, as here, "an employee is acting within the scope of his or her employment, thereby rendering the employer liable for any damages caused by the employee's negligence under a theory of *respondeat superior*[.]"  *Karoon v. N.Y.C. Transit Auth.*, 659 N.Y.S.2d 27, 29 (N.Y. App. Div. 1st Dep't 1997); *accord Velez v. City of New York*, 730 F.3d 128, 136-37 (2d Cir. 2013); *Lassic*, 2015 U.S. Dist. LEXIS 123780, *11.

CONCLUSION

For the foregoing reasons, the Court should dismiss the Amended Complaint.

Dated:  New York, New York
          April 30, 2019

                                      Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney of the
                                        Southern District of New York

By:                                  
                                        JENNIFER C. SIMON
                                        Assistant United States Attorney
                                        86 Chambers Street, Third Floor
                                        New York, New York 10007
                                        Tel.: (212) 637-2746
                                        Email: Jennifer.Simon@usdoj.gov