# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    17 Civ. 6779 (WHP)
NICOLE MORRISON, as Administrator for the Estate
Of Roberto Grant, and NICOLE MORRISON, as Mother
and Legal Guardian for the Property of AG and SG,                     AFFIDAVIT OF NICOLE
Decedent's Minor Children,                                             MORRISON

                                         Plaintiff(s),

   -against-

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS, CORRECTION
OFFICER KERN, EXECUTIVE ASSISTANT LEE PLOURDE,
and JOHN AND JANE DOE(S) AGENTS, SERVANTS AND
EMPLOYEES OF THE DEFENDANTS
                                      Defendant(s),
------------------------------------------------------------------X
STATE OF NEW YORK   )
      ss.:
COUNTY OF NEW YORK)

      NICOLE MORRISON, being duly sworn deposes and states:

1. I am the plaintiff in the above captioned matter and am fully familiar with the facts and circumstances surrounding this action.

2. I am the former wife of the decedent Roberto Grant.

3. I am also the mother of our twin daughters, AG and SG.

4. On or about May 19, 2015, I was contacted by Jessie Siegal, Mr. Grant's former attorney, who informed me about Roberto's sudden death at the Metropolitan Correction Center located at 150 Park Row in downtown Manhattan.

5. I immediately travelled to the prison with Crecita Williams, Mr. Grant's mother.

6. Upon arrival, we were confronted by the defendant Lee Plourde and told that Mr. Grant had indeed died. When we inquired what was the cause of death, Mr. Plourde assured us it was nothing violent but a drug overdose, the drug being K2 or synthetic marijuana.

7. Ms. Williams and I were devastated. We were beside ourselves with grief.

8. Mr. Plourde relayed to us that Mr. Grants remains were transported to Bellevue hospital.

9. We then travelled to the hospital to identify Mr. Grants remains.

10. Over the prior months, during my regular communications with Mr. Grant, he specifically expressed to me his fear and dismay that he was going to be hurt or injured by a correction officer who works at the prison.

11. He told me that Defendant Officer Kearins (sued herein as Kerns) would regularly harass him and search his cell and possessions believing that Mr. Grant was stashing or hiding the synthetic marijuana drug K2.

12. Officer Kearins would also engage in several onerous pat-downs of Mr. Grant. During these instances, Mr. Grant told me he did not resist and complied with these searches.

13. On one such occasion, Mr. Grant told me that while Officer Kearins was conducting a pat-down, he grabbed Mr. Grant's genitals. Mr. Grant then told Officer Kearins he was going to report him for sexual assault. Mr. Grant stated to me that Kearins said he would regret reporting him.

14. A few weeks thereafter, I received the call from Mr. Siegal regarding Roberto's death.

15. I was and still am utterly devasted and heartbroken. Although Mr. Grant and I divorced, he still played an active role in raising our two daughters. The three of us would visit Mr. Grant regularly and they always loved being with their father. When he wasn't incarcerated, he couldn't be separated from them and always did his best to be financially supportive.

16. I was forced to explain to our daughters that their father was never coming home and that he was now with God in heaven.

17. Mr. Grant was a good father and loved his daughters very much. Losing him at such an early age will undoubtedly have a significant effect on their childhood.

18. It is my understanding that the defendants are moving to dismiss our lawsuit. I don't understand why since it is clear from the autopsy and records kept by the defendants that Mr. Grant suffered various trauma and that he may have been choked to death.

19. This makes no sense. I understand prison is not a good place, but for Mr. Grant to be murdered in a federal prison in a dormitory area where other prisoners are housed which is under constant surveillance and we are still not sure of all the circumstances surrounding his murder defies reason.

20. I respectfully request the Court deny the defendants motion to dismiss and for other such relief the Court deems just and proper.

Dated:     New York, New York
           May 23, 2019

_____
NICOLE MORRISON

Sworn before me this
23 of May, 2019

_____
Notary Public

Andrew Charles Laufer
Notary Public, State of New York
No. 01LA5087616
Qualified in Nassau County
Commission Expires Nov. 03, 2021