UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE MORRISON, as Administrator for the Estate of Roberto Grant, and NICOLE MORRISON, as Mother and Legal Guardian for the Property of AG and SG, Decedent's Minor Children,

Plaintiffs,

v.

UNITED STATES OF AMERICA, FEDERAL BUREAU OF PRISONS, CORRECTION OFFICER KERN, EXECUTIVE ASSISTANT LEE PLOURDE, and JOHN AND JANE DOE(S) AGENTS, SERVANTS AND EMPLOYEES OF THE DEFENDANTS,

Defendants.

17 Civ. 6779 (WHP)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION TO DISMISS BY DEFENDANTS UNITED STATES OF AMERICA, FEDERAL BUREAU OF PRISONS, OFFICER KEARINS, AND LEE PLOURDE**

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
(212) 637-2746

JENNIFER C. SIMON
Assistant United States Attorney
*Of Counsel*

Defendants United States of America, Federal Bureau of Prisons, Officer Michael Kearins, and Officer Lee Plourde (collectively, "Defendants"), by their attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, respectfully submit this reply memorandum in further support of their motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## ARGUMENT

### I. Plaintiff's *Bivens* Claims Should be Dismissed in their Entirety

#### A. Plaintiff Concedes She Cannot Assert a Bivens Claim Against the United States or a Federal Agency and She Does Not Offer any Arguments in Opposition to Defendants' Argument that She Has Failed to State a *Bivens* Claim Premised on an Alleged Violation of the Eighth Amendment

In her opposition, Plaintiff concedes that she cannot assert a *Bivens* claim against the United States or BOP. *See* Pl.'s Opp. at 12; *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *Keene Corp. v. United States*, 700 F.2d 836, 845 (2d Cir. 1983).

In addition, Plaintiff appears to concede that the Amended Complaint fails to state a *Bivens* claim premised on an alleged violation of the Eighth Amendment. As set forth more fully in Defendant's opening brief, to maintain a *Bivens* action in the context of an alleged violation of the Eighth Amendment, plaintiff must plausibly allege a "deliberate indifference to a prisoner's serious medical needs." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs." *Estelle*, 429 U.S. at 104-05. As to non-medical personnel, however, such as Officer Kearins and Mr. Plourde, a plaintiff must plausibly allege that defendants "intentionally den[ied] or delay[ed] access to medical care or intentionally interfere[ed] with the treatment once prescribed." *Id.; see also Roundtree v. City of New York*, No. 15 Civ. 8198, 2018 U.S. Dist. LEXIS 51919, at *6 (S.D.N.Y. Mar. 27, 2018) (dismissing a

claim of deliberate indifference by non-medical personnel and holding that such a claim requires plaintiff to show that non-medical personnel "intentionally delayed access to medical care when the inmate was in extreme pain and has made his medical problems known to the attendant prison personnel or that the inmate suffered a complete denial of medical treatment.").

Here, there are no such facts alleged. Plaintiff only alleges that Defendants, "with deliberate indifference to the Plaintiff's health, safety, and welfare, failed to render the Plaintiff assistance and caused and contributed to his severe injuries and death in violation of the Eighth Amendment," Am. Compl. ¶ 26, and other similarly conclusory statements. The Amended Complaint is wholly devoid of factual allegations from which it can be inferred that either Mr. Plourde or Officer Kearins had any personal involvement in any action to "intentionally deny or delay access to medical care" or to "intentionally interfere with treatment once prescribed." *Estelle*, 429 U.S. at 104-05. The Amended Complaint thus does not suffice to assert a *Bivens* claim against either defendant in their individual capacity. *See also, Adekoya v. Holder,* 751 F .Supp. 2d 688, 691, 697 (S.D.N.Y. 2010) (finding conclusory allegations that medical staff defendants were aware of plaintiff's medical needs and failed to provide adequate care insufficient to defeat a motion to dismiss a claim of inadequate medical care).

In her opposition brief, although Section III.A. is titled "Plaintiff adequately pleads her causes of action for violations of the 8th amendment under *Bivens* involving the death of Roberto Grant and the action of the defendants in its aftermath," Pl.'s Opp. at 13, the section offers no opposition to Defendants' argument that to maintain a *Bivens* action in the context of an alleged violation of the Eighth Amendment plaintiff must plausibly allege a "deliberate indifference to a prisoner's serious medical needs," which she has not done. The section lacks any authority even addressing a *Bivens* claim premised on the Eighth Amendment. Instead, Plaintiff relies on

*Barrett v. U.S.*, 622 F. Supp. 574 (1985), *aff'd* 798 F.2d 565 (2d Cir. 1986) for the proposition that she has a "valid *Bivens* claim in her individual capacity for alleged deprivation of her property interest in a potential federal Tort Claims Act cause of action[.]" Pl.'s Opp. at 13. For the reasons stated below, however, this claim also fails.

### B. Plaintiff's *Bivens* Claim Against Mr. Plourde Fails to State a Claim

As to Mr. Plourde, Plaintiff asserts that "[a]n action sounding in conspiracy to cover up a death can be maintained against individual federal actors in their personal capacity." Pl.'s Opp. at 13. As noted above, she argues that she can maintain a *Bivens* action against Mr. Plourde for the "alleged deprivation of her property interest in a potential federal Tort Claims Act cause of action[.]" Pl.'s Opp. at 13, citing *Barrett*, 622 F. Supp. 574.

In *Barrett*, the plaintiff alleged that defendants, by concealing the role of the Army in her father's death in 1954, deprived her of a property interest in potential FTCA cause of action against the United States. *Barrett*, 622 F. Supp. at 589-90. In particular, the plaintiff in *Barrett* alleged that administrator of the estate would not have accepted the terms of the settlement of the wrongful death claim in 1955, had she been aware of the role of the Army. *Id.* Twenty years later, upon discovering the concealment, Plaintiff sued several federal employees in their individual capacities for their role in the concealment. *Id.* The federal defendants then moved for dismissal on the grounds that they were absolutely immune from suit or entitled to qualified immunity, among other things. *Id.* at 585-90. As to certain federal defendants, the District Court denied the motions to dismiss and, largely equating a *Bivens* claim with a claim brought pursuant to 42 U.SC. § 1983, *id.* at 592, permitted plaintiff to proceed with those claims.[1]

[1] Although the Second Circuit affirmed the District Court's decision on the immunity issues, the Circuit expressly stated that the "affirmance of the denial of the federal-attorney defendants' motion does in imply any view as to the merits of the estate's claims or of any other issues not raised on this appeal." *Barrett v. United States*, 798 F.2d 565, 578 (2d Cir. 1986); *see also*

Plaintiff's contention and reliance on *Barrett* fails for two reasons. First, the Supreme Court not recognized a *Bivens* remedy in this context and, as previously noted, the Supreme Court has since made clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). The *Bivens* remedy Plaintiff seeks here is certainly "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court," *Abbasi*, 137 S. Ct. at 1859, and a *Bivens* remedy is an "extraordinary thing that should rarely if ever be applied in 'new contexts.'" *Arar v. Ashcroft*, 585 F3d 559, 571 (2d Cir. 2009) (quoting *Malesko*, 534 U.S. at 66). Plaintiff ignores *Abbasi* entirely and fails to articulate any basis to expand the *Bivens* remedy to this new context. Particularly given the sparse allegations here, there are "sound reasons to think Congress might doubt the efficacy or necessity," *Abbasi* at 1858, of creating a *Bivens damages* remedy in this new context, *i.e.* where a federal employee is alleged to have a made an untrue statement, and it is not even alleged that the employee personally knew the statement to be "untrue" at the time it was made.

Second, even absent the above infirmity, Plaintiff also overstates the court's decision in *Barrett.* Unlike the plaintiff in *Barrett*, Plaintiff here has alleged no deprivation of property. In *Barrett*, the plaintiff claimed that she was induced to settle an FTCA claim on less favorable terms, but here, Plaintiff does not allege that Mr. Plourde's actions, or the actions of anyone else, deprived her of an FTCA claim or any other purported property interest. On the contrary, Plaintiff has asserted an FTCA claim in this case. Even if a *Bivens* remedy could exist today

---

*Cogburn v. McNiff*, 86 Civ. 1969, 1987 U.S. Dist. LEXIS 11792, at *23 n.9 (D. Mass. Dec. 11, 1987) ("Plaintiff inappropriately relied upon dicta in *Barrett*, in arguing the concealment of a statutory right gives rise to a claim against those government agents responsible for covering up the claim. The court in *Barrett* was making no such broad statement. It was merely noting that such actions by Justice Department attorneys were not absolutely immune from suit under the facts of Barrett, denying a motion to dismiss on this point.")

under the circumstances presented in *Barrett*, which it does not, Plaintiff in this case has not adequately alleged a claim under such a theory.

Finally, as noted in Defendants' opening brief, Plaintiff's allegations against Mr. Plourde do not adequately allege his personal involvement in any supposed conspiracy. She alleges that on or about May 19, 2015, Mr. Plourde told her that Grant "died of a drug overdose and that he wasn't physically harmed." Am. Compl. at 1. Plaintiff alleges that this statement was "untrue." *Id.* at 2. Even assuming this allegation as true, which Defendants do not concede, neither this nor any other allegation suffices to plausibly support a claim that Mr. Plourde was personally involved in the violation of any constitutional right, much less one that would support a *Bivens* claim against him. She does not allege he personally deprived her of a property interest or even that Mr. Plourde himself was aware of making an inaccurate statement.

### C. Plaintiff's *Bivens* Claim Against Officer Kearins Fails to State a Claim

As to Officer Kearins, Plaintiff does not offer any authority in opposition to the arguments in the motion to dismiss. Instead, Plaintiff merely provides a new affidavit, asserting that she had conversations with Mr. Grant before his death in which Mr. Grant told her "he was being harassed and threatened with physical violence by defendant Kearins." Pl.'s Opp. at 14.[2]

As set forth in Defendants' opening brief, to state a *Bivens* claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added); *see also Thomas v.*

[2] To the extent Plaintiff attempts to amend the factual allegations of the Amended Complaint in this manner, the Court should disregard such efforts. "It is well settled that a party may not amend its pleadings in its briefing papers." *Roche Diagnostic GmbH v. Enzo Biochem.*, 992 F. Supp. 2d 213, 219 (S.D.N.Y. 2013); *see Avillan v. Donahoe*, 483 Fed. Appx. 637, 639 (2d Cir. 2012) (Summ. Order) (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)). Moreover, though the affidavits and documents accompanying Plaintiff's opposition brief have no bearing on the bases for Defendants' motion to dismiss, Defendants do not concede that Plaintiff's characterization of those documents is accurate.

*Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) ("Because the doctrine of *respondeat superior* does not apply in Bivens actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation."). Here, however, the allegations regarding Officer Kearins are devoid of factual assertions that would plausibly support a claim that Officer Kearins was personally involved in any conduct giving rise to the *Bivens* claims asserted in Plaintiff's Second Cause of Action. Again, to the extent Plaintiff also intends to assert a *Bivens* claim premised on the vague allegations that Mr. Grant was "physically threatened" or "harassed" by Officer Kearins, he fails to state a claim on that basis as well. Even assuming a *Bivens* remedy for an excessive force claim exists, although the Supreme Court has never recognized one, "[a] *threat* of force does not constitute excessive force." *Dunkelberger v. Dunkelberger*, No. 14-cv-3877 (KMK), 2015 WL 5730605, at *15 (S.D.N.Y. Sept. 30, 2015) (collecting cases); *Smith v. City of New York,* No. 14-cv-5934, 2015 WL 3929621, at *3 n. 3 (S.D.N.Y. June 17, 2015) ("To the extent that [the plaintiff] intends to assert an excessive force claim based on threats of violence in his affidavit, the claim would fail because, in [the Second] Circuit, neither mere verbal abuse nor mere threats of force support an excessive force claim."). Moreover, the Amended Complaint does not connect even these vague allegations regarding Officer Kearins to the death of Mr. Grant on May 19, 2015.

## II. Plaintiff's FTCA Claim Should Also Be Dismissed[3]

### A. Plaintiff's Claims of Negligence on the Part of the United States Are Wholly Conclusory

First, as set forth in Defendant's opening brief, Plaintiff's claim against the United States under the FTCA contains no factual allegations against the United States that would support a

[3] Plaintiff appears to concede that her FTCA claim cannot be asserted against BOP, Kearins or Plourde. *See* Pl.'s Opp. at 14 (asserting only that "Plaintiff adequately pleads [her FTCA claim] against defendant United States of America").

plausible inference that some negligence by the United States caused the death of Mr. Grant.

In her opposition brief, Plaintiff appears to take the position that factual allegations regarding the manner in which she believes Mr. Grant died are alone adequate to state a claim of negligence against the United States. She argues that "[i]t is unknown how . . . defendants can claim that plaintiff's allegations in her complaint are 'wholly conclusory' as to the cause of Mr. Grant[']s death." Pl. Opp. at 15. She asserts that the Amended Complaint, and in particular the Medical Examiner's report, "is crystal clear" on the manner in which Mr. Grant died. *Id.* Even assuming this were correct (as previously noted, the Medical Examiner's report actually states that the cause of death was undetermined), Plaintiff misunderstands the relevant case law and therefore basis for the motion to dismiss.

Plaintiff's assertions regarding the manner in which Plaintiff died – whether by drug overdose or blunt force trauma – do not alone provide factual allegations from which negligence on the part of the United States could be plausibly inferred. As articulated in Defendants' opening brief, the Amended Complaint fails to make any non-conclusory allegations as to any supposed negligence on the part of the United States. Instead, the Amended Complaint merely offers precisely the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has held insufficient. *See Iqbal*, 556 U.S. at 678. The Amended Complaint contains only boilerplate allegations such as the statement that "due wholly solely to the negligence of Defendants, their agents, servants and employees, . . . the Plaintiff, was caused to suffer a serious injury resulting in his wrongful death[.]" Am. Compl. ¶ 20. As articulated in Defendants' opening brief, the Amended Complaint identifies no facts suggesting that BOP negligence cased Plaintiff's death, and "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

shown – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678. (internal quotations omitted); *see also McIntosh v. United States*, No. 14 Civ. 7889, 2016 U.S. Dist. LEXIS 44290, at *31-32 (S.D.N.Y. Mar. 31, 2016).

**B. Plaintiff's FTCA Claim Is Barred by the Discretionary Function Exception**

Second, Plaintiff also fails to overcome the showing in Defendants' opening brief that her FTCA claim against the United States, alleging negligence in the oversight and security of MCC, falls squarely within the discretionary function exception of the FTCA. The discretionary function exception bars claims if: (1) "the acts alleged to be negligent [are] discretionary, in that they involve an 'element of judgment or choice' and are not compelled by statute or regulation," and (2) "the judgment or choice in question [is] grounded in 'considerations of public policy' or susceptible to policy analysis." *Coulthurst v. U.S.*, 214 F.3d 106, 109 (2000) (quoting *U.S. v. Gaubert*, 499 U.S. 315, 322-23 (1991), *see also Berkowitz v. U.S.*, 486 U.S. 531, 536-37 (1991).

"For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Gaubert*, 499 U.S. at 324-25. Here, the Amended Complaint does not do so. Instead, asserting that the Defendants "negligently provid[ed] supervision and security related to the Plaintiffs health, safety, and welfare," Am. Compl. ¶ 21, and making other similarly conclusory allegations, Plaintiff is attempting to base an FTCA claim on precisely the sort of governmental action, *i.e.* the internal security of prisons, that is subject to the discretionary function exception because it involves an element of judgment or choice and is grounded in considerations of public policy. *See Hooker v. U.S.*, No. 11 Civ. 2840, 2013 WL 3491089, at *6 (S.D.N.Y. July 12, 2013) ("The internal security of prisons is normally left to the discretion of prison administrators."); *Winters v. U.S.*, No. 10 Civ. 7571, 2013 WL 1627950, at *5 (S.D.N.Y. Apr. 16, 2013) ("[D]ecisions about how to safeguard prisoners are discretionary.").

In her opposition brief, Plaintiff argues that "[it] is easy to *imagine* a scenario . . . in which the employees engaged in treating plaintiff behaved in a negligent fashion, but without making the types of discretionary judgments that the statutory exception was intended to exempt from liability." Pl.'s Opp. at 16 (emphasis added). Plaintiff then goes on in her brief to contemplate a hypothetical situation in which "a federal employee left the unit for a cigarette break or snack, effectively making himself unavailable for unforeseen emergencies," and arguing that the discretionary function exception would not apply under those circumstances. *Id.* However, Plaintiff cannot cure deficiencies in her complaint by "imagining," in her opposition brief, some set of circumstances or conduct which falls outside the scope of the discretionary function exception. Unlike the allegations at issue in *Coulthurst*, the Amended Complaint here is devoid of any allegations that would support a plausible inference that Mr. Grant was harmed by an act or omission of a federal defendant that was outside the discretionary function exception.

### C. Plaintiff's Claim Against the United States Is Barred by Sovereign Immunity Because She Fails to State a Claim Under New York State Law

Third, again as set forth in Defendants' opening brief, Plaintiff's FTCA claims also should be dismissed because the Amended Complaint fails to state a claim for negligence under New York State law. To maintain an action for negligence under New York law, "a plaintiff must show that there was (1) a duty owed to the plaintiff by the defendant, (2) breach of that duty by the defendant, and (3) injury sustained by the plaintiff substantially as a result of the breach." *Qin Chen v. U.S.*, 494 Fed. Appx. 108, 109 (2d Cir. 2012). And, although "a correctional facility owes a duty of care to safeguard inmates, even from attacks by fellow inmates, [t]his does not. . . render a correctional facility an insurer of inmate safety." *Id.* Rather, "*[t]he scope of the duty is limited to risks of harm that are reasonably foreseeable*. . . . In other words, for [Defendant] to be liable, [Plaintiff] must show that it knew or should have known of the risk of harm[.]" *Id.*

(emphasis added).  Here, the Complaint does not make any allegations from which a plausible inference could be drawn that defendants negligently failed to protect Mr. Grant from a foreseeable harm, and plaintiff has accordingly failed to "plead[] factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable[.]"  *Iqbal*, 556 U.S. at 678 (2009).

Plaintiff does not contest Defendants' argument.  On the contrary, citing state case law regarding a municipality's obligations regarding prisoners, Plaintiff herself acknowledges that the municipality "is not an insurer of prisoner safety[,] and *negligence cannot be inferred merely because an incident occurred*."  Pl.'s Opp. at 19 (emphasis added).  Plaintiff further expressly accepts that the "duty is limited to providing reasonable care to protect prisoners from risks of harm that are *reasonably foreseeable*, *i.e.*, those that [the municipality] knew or should have known."  *Id.* at 20 (emphasis added).

Instead, Plaintiff merely reiterates her contention regarding the supposed clarity of the medical examiner's report regarding the cause of Mr. Grant's death.  *See* Pl.'s Opp. at 20.  However, neither the Amended Complaint nor the medical examiner's report identify facts that would support a plausible inference that Mr. Grant's death was due to some foreseeable harm that Defendants negligently failed to prevent.  Plaintiff's allegations instead amount to an assertion that, because Mr. Grant died while in custody, there must have been negligence.  Such an argument fails to state a claim under New York state law because, as Plaintiff concedes, "negligence cannot be inferred merely because an incident occurred."  Pl.'s Opp. at 19.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendants' opening brief, the Court should dismiss the Amended Complaint.

Dated: New York, New York
June 14, 2019

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney of the
Southern District of New York

By: ______________________

JENNIFER C. SIMON
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2746
Email: Jennifer.Simon@usdoj.gov