UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE MORRISON, as Administrator for the Estate of Roberto Grant and as Mother and Legal Guardian for the Property of SG and AG, Decedent's Minor Children,<br><br>           Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | Case No. 1:17-cv-6779-WHP |

**ANSWER OF THE UNITED STATES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant the United States of America ("Defendant" or the "United States"), by and through the United States Attorney and the undersigned Assistant United States Attorney, hereby answers Plaintiff's Amended Complaint ("Complaint") as follows:

**Introduction**

First Unnumbered Paragraph: Defendant admits that Decedent Roberto Grant ("Decedent") was incarcerated at Metropolitan Correctional Center ("MCC") in Manhattan, NY; that he was pronounced dead on May 19, 2015; and that he was 35 years of age at the time of death. Defendant denies the remaining allegations.

Second Unnumbered Paragraph: Defendant admits that Decedent was in a multi-inmate cell when he was discovered nonresponsive. Defendant admits that Plaintiff and Crecita Williams identified the Decedent's body at Bellevue Hospital. Defendant denies the remaining allegations.

Third Unnumbered Paragraph: Defendant admits that the toxicology report findings were

without significant positivity. Defendant denies the remaining allegations.

Fourth Unnumbered Paragraph: Defendant admits that the toxicology report did not find the presence of drugs or other toxic substances in Decedent's system, and that Decedent's remains were transferred to the office of the Chief Medical Examiner for the City of New York at Bellevue Hospital Center.

Fifth Unnumbered Paragraph: Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations.

Sixth Unnumbered Paragraph: Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations.

Seventh Unnumbered Paragraph: Admits.

Eighth Unnumbered Paragraph: Denies.

Ninth Unnumbered Paragraph: Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations.

## Jurisdiction

1. Paragraph 1 characterizes the nature of this action.

2. Admits.

3. Admits.

4. Paragraph 4 states a legal conclusion to which no response is required.

5. Paragraph 5 states a legal conclusion regarding venue to which no response is required. To the extent a response is required, Defendant admits that Decedent was in the Southern District of New York at the time of his death.

## Parties

6. Defendant lacks information sufficient to form a belief as to the truth or falsity of

the allegations.

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the United States is a proper defendant under the FTCA and denies that the individually named (now terminated) defendants are properly sued under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

## Facts

8. Admits.

9. Denies.

10. Denies.

11. Denies.

## FIRST CAUSE OF ACTION

12. Defendant incorporates by reference its response to the preceding paragraphs.

13. Denies, except that Defendant operates MCC, which is located at 150 Park Row, New York, New York 10007, through the Federal Bureau of Prisons ("BOP").

14. Denies, except that Defendant operates MCC, which is located at 150 Park Row, New York, New York 10007, through the Federal Bureau of Prisons ("BOP").

15. Denies, except that Defendant operates MCC, which is located at 150 Park Row, New York, New York 10007, through the Federal Bureau of Prisons ("BOP").

16. Denies, except that Defendant operates MCC, which is located at 150 Park Row, New York, New York 10007, through the Federal Bureau of Prisons ("BOP").

17. Admits.

18. Paragraph 18 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the BOP has certain obligations toward

inmates in its custody pursuant to 18 U.S.C. § 4042.

19. Denies except that Decedent became nonresponsive on May 18, 2015, while house at the MCC, and was pronounced dead on May 19, 2015. Defendant lacks knowledge or information sufficient to determine the cause of death.

20. Denies.

21. Denies.

22. Denies.

23. Paragraph 23 states a legal conclusion to which no response is required. To the extent a response is required, denies the allegations in Paragraph 23, except denies as vague the allegations regarding unspecified security or medical personnel were acting within the scope of their employment with the United States when taking unspecified actions at unspecified dates and times.

24. Paragraph 24 states a claim for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested or any relief.

## SECOND CAUSE OF ACTION

25. As the Court has dismissed this cause of action, no response is required.

26. As the Court has dismissed this cause of action, no response is required.

27. As the Court has dismissed this cause of action, no response is required.

28. As the Court has dismissed this cause of action, no response is required.

29. As the Court has dismissed this cause of action, no response is required.

30. As the Court has dismissed this cause of action, no response is required.

31. As the Court has dismissed this cause of action, no response is required.

WHEREFORE: The recital paragraph states a claim for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested or any relief.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's claims are subject to, and limited by the Federal Tort Claims Act, including any provisions not specifically identified in the Answer. 28 U.S.C. §§ 1346(b), 2671 *et seq*.

### SECOND DEFENSE

The acts or omissions alleged by Plaintiff to have been committed by employees of the United States were not the proximate cause of any loss or damage to Plaintiff.

### THIRD DEFENSE

Plaintiff's claims against the United States are barred because its agents and employees acted with due care in the exercise of a statute or regulation at all relevant times, and therefore did not breach any actionable duty owed to Plaintiff.

### FOURTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### FIFTH DEFENSE

To the extent the alleged injuries were caused solely or partially by the acts or omissions of Plaintiff, or other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the Federal Tort Claims Act, Plaintiff cannot recover from the United States.

## SIXTH DEFENSE

Liability, if any, should be reduced in proportion to the comparative fault of other persons, including Plaintiff.

## SEVENTH DEFENSE

Plaintiff's recovery, if any, is limited to the amount set forth in the administrative claim presented to the BOP, pursuant to 28 U.S.C. § 2675.

## EIGHTH DEFENSE

Liability is barred or limited to the extent Plaintiff failed to mitigate her damages.

## NINTH DEFENSE

Plaintiff is not entitled to a jury trial under the Federal Tort Claims Act.  *See* 28 U.S.C. § 2402.

## TENTH DEFENSE

The United States is not liable for pre-judgment interest or for punitive damages.  *See* 28 U.S.C. § 2674.

## ELEVENTH DEFENSE

In the event a judgment is awarded to Plaintiffs, such judgment must be reduced by those amounts which have been, or will, with reasonable certainty, be reimbursed or indemnified, in whole or in part, from any collateral source.

## TWELFTH DEFENSE

Plaintiffs may not recover costs in excess of those costs permitted by 28 U.S.C. § 2412, and to the extent that attorney's fees are paid out of any judgment, they may only be paid in accordance with 28 U.S.C. § 2678.

### THIRTEEN DEEFNSE

Any recovery by Plaintiffs is subject to the availability of appropriated funds.  42 U.S.C. § 233(k).

### FOURTEENTH DEEFNSE

The Court lacks subject matter jurisdiction.

Defendant may have additional defenses which are not known at this time but which may become known through discovery.  Accordingly, Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

### **DEMAND FOR JUDGMENT**

WHEREFORE, having fully answered, Defendant respectfully requests that the Court enter judgment dismissing the Amended Complaint with prejudice and granting such other relief as the Court deems just and proper, including costs and disbursements.

Dated:      November 1, 2019

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney for the
        Southern District of New York
        Attorney for the United States of America

By:     /s/ Lucas Issacharoff
        LUCAS ISSACHAROFF
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel.:    (212) 637-2737
        E-mail: Lucas.Issacharoff@usdoj.gov