

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 1, 2021

**By ECF**

Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Morrison v. United States*, No. 17 Civ. 6779 (WHP)

Dear Judge Pauley:

      This Office represents the United States in the above-captioned action. Pursuant to Rule V.B of the Court's Individual Practices, Standing Order 19-mc-00583, and Section 6 of the Court's ECF Rules & Instructions, I write on behalf of the Government respectfully to request permission to file redacted versions of the Government's memorandum of law, declarations, and exhibits in support of its motion for summary judgment on the docket and to file unredacted versions[1] under seal. The Government's summary judgment motion papers are due to be filed on July 2, 2021.

      The Government's proposed redactions consist solely of the names and personally identifying information of inmates who spoke to the Federal Bureau of Investigation and the United States Attorney's Office regarding the death of Roberto Grant. None of this information technically falls within the scope of Fed. R. Civ. P. 5.2(a). Nevertheless, the Government respectfully submits that redaction of this information in the public record is appropriate notwithstanding the presumption of access discussed by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Second Circuit recognized in *Lugosch* that countervailing factors to the presumption of access included "'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

      The Government submits that the interests of law enforcement would be impaired if witnesses to potential crimes could not speak candidly with law enforcement without fear of their

---

[1] The Government anticipates that it may file one document, produced in discovery with another inmate's private medical information unrelated to this case already redacted, with that redaction still in place. Such information is entitled to at most a very limited presumption of access under *Lugosch*, as it is irrelevant to the motion and therefore not a judicial document or is only peripherally so. Moreover, courts have frequently approved the filing of medical records under seal. *See, e.g.*, *United States v. Needham*, 460 F. Supp. 3d 323, 325 n.1 (S.D.N.Y. 2020) (Pauley, J.).

names and personally identifying information becoming public.  The Government further submits that such inmates have a privacy interest in the association of their names with the contents of such conversations.

  Per the Court's Individual Practices, the Government has conferred with Plaintiff regarding this application, and Plaintiff consents.

  I thank the Court for its consideration of this request.

        Respectfully submitted,

        AUDREY STRAUSS
        United States Attorney for the
        Southern District of New York

    By: *Lucas Issacharoff*
        LUCAS ISSACHAROFF
        JENNIFER C. SIMON
        Assistant United States Attorneys
        86 Chambers Street, Third Floor
        New York, New York 10007
        Tel.: (212) 637-2737/2746