UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE MORRISON, as Administrator for the Estate of Roberto Grant, and NICOLE MORRISON, as Mother and Legal Guardian for the Property of AG and SG, Decedent's Minor Children,<br><br>                        Plaintiffs,<br><br>     v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>                        Defendants. | 17 Civ. 6779 (WHP)<br><br>**STATEMENT OF MATERIAL UNDISPUTED FACTS PURSUANT <u>TO LOCAL CIVIL RULE 56.1</u>** |

       Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, Defendant United States of America, by its attorney, Audrey Strauss, United States Attorney for the Southern District of New York, states that there is no genuine issue to be tried with respect to the following material facts:

**A.    Death of Roberto Grant on May 19, 2015**

    1.    At the time of his death, Roberto Grant was an inmate at the Metropolitan Correction Center ("MCC") located in New York City. *See* Am. Compl. ¶ 12.

    2.    On May 18, 2015, at approximately 11:40 p.m. – after lockdown – inmates at MCC unit 11-South, Tier 12, notified Officers Dionysia Georgopoulos and Michael Kearins that an inmate was non-responsive. *See* July 2, 2021 Declaration of Jennifer Simon ("Simon Decl."), Exh. G.

    3.    Officers Georgopolous and Kearins called for a medical emergency and Bureau of Prisons ("BOP") staff responded. BOP staff found Mr. Grant unresponsive. *Id.*

    4.    BOP staff administered CPR until the arrival of EMTs who took over resuscitation efforts. *Id.*

    5.    EMTs intubated Mr. Grant while still at MCC. *See* Simon Decl., Exh. F at 8.

6. Mr. Grant was transferred to New York-Presbyterian Lower Manhattan Hospital, arriving in the Emergency Room at 12:25 a.m. *Id.* at 4.

7. Mr. Grant was pronounced dead at 12:33 a.m. on May 19, 2015. *Id.* at 11.

8. Following Grant's death, BOP referred the matter to the Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") for investigation. *See* July 1, 2021 Declaration of Jason Randazzo ("Randazzo Decl.") ¶ 3. The FBI conducted interviews of the occupants of Unit 11-South, who were present when Mr. Grant fell unconscious, and others. *Id.*

9. At least three inmates stated that they were in Mr. Grant's immediate vicinity and could see Mr. Grant's actions when Mr. Grant fell unconscious. Randazzo Decl., Exhs. A, B; July 1, 2021 Declaration of Paul Scuzzarella ("Scuzzarella Decl."), Exh. A.

10. These witnesses reported that Mr. Grant was on his bunk talking with other inmates immediately prior to his collapse. Randazzo Decl., Exhs. A, B; Scuzzarella Decl., Exh. A.

11. They reported that Mr. Grant then got up from the bunk, slumped over and fell to the floor unconscious. *Id.*

12. At least one inmate in Mr. Grant's immediate vicinity stated that he saw Mr. Grant grabbed his chest as he fell. Scuzzarella Decl., Exh. A.

13. Witnesses reported that, although Mr. Grant was still breathing immediately after falling to the floor, he remained unresponsive, urinated on himself, and was heard to make snoring noises. Randazzo Decl., Exhs. A, C, D, E.

14. None of the inmates in Mr. Grant's vicinity at the time of his collapse stated that they observed any altercation or other disturbance prior to Mr. Grant's collapse. Randazzo Decl.,

Exhs. A, B; Scuzzarella Decl., Exh. A. On the contrary, they asserted that no such altercation or disturbance occurred. *Id.*

15. Witnesses stated that Mr. Grant was known to smoke synthetic marijuana (K-2). Randazzo Decl., Exhs. A, B, G.

16. Witnesses also stated that Mr. Grant smoked K-2 on May 18, 2015 in the time period leading up to his collapse. Randazzo Decl., Exhs. A, B, G.

17. On May 19, 2015, an autopsy was performed at the Office of Chief Medical Examiner of the City of New York ("OCME") by Medical Examiner Dr. Jennifer Hammers. *See* Simon Decl. Exh. A, December 28, 2016 Report of Autopsy ("OCME Rpt.").

18. The medical examiner issued a report of autopsy dated December 28, 2016. *Id.*

19. Mr. Grant suffered from hypertensive and atherosclerotic cardiovascular disease with enlargement of the heart, narrowing of a major coronary artery, and kidney involvement. *Id* at 1.

20. Mr. Grant's body showed evidence of various injuries consistent with attempted cardiovascular resuscitation. These included:

    a. An internal hemorrhage on Mr. Grant's right lung bronchus. OCME Rpt. at 1. An endotracheal tube that is pushed in too far can cause damage to the main bronchi. Simon Decl., Exh. D, Excerpts from the Transcript of the Mar. 26, 2021, Deposition of Dr. Zhongxue Hua ("Hua Tr.") 41:21-42:18; July 1, 2021 Declaration of James Gill ("Gill Decl."), Exh. A, Report ("Gill Rpt.") at 3.

    b. Subcutaneous emphysema, a condition in which air is trapped under the surface of the skin causing swelling. OCME Rpt. at 1; Gill Rpt. at 3; Hua

Tr. 54:12-56:5. Subcutaneous emphysema is a known, well-documented side effect of CPR. Hua Tr. at. 54:12-56:5.

  c. The contusion found on Mr. Grant's lip, as well as the excoriations to the oral mucosa are also common side effects of intubation. Hua Tr. 44:11-24, 47:19-23.

21. There were also no external injuries to Mr. Grant's skin, such as abrasions, contusions or lacerations to the skin. OCME Rpt. at 6.

22. The deep laceration to Mr. Grant's left lung, OCME Rpt. at 1, was most likely an artifact of the autopsy itself, *i.e.* caused when the lung was removed during the autopsy. Hua Tr. 63:14-64:4.

23. In conjunction with the autopsy, a toxicology report was performed. Simon Decl., Exh. B. No synthetic cannabinoids were detected in the toxicology testing. *Id.*

24. In 2014, there over 170 different known synthetic cannabinoids. Gill Rpt. at 3. The lab conducting the toxicology testing in this case only tested for 32 of those. *Id.*

Dated: New York, New York
   July 2, 2021

                 Respectfully submitted,

                 AUDREY STRAUSS
                 United States Attorney of the
                 Southern District of New York

By:  */s/*

                 JENNIFER C. SIMON
                 LUCAS ISSACHAROFF
                 Assistant United States Attorneys
                 86 Chambers Street, Third Floor
                 New York, New York 10007
                 Tel.: (212) 637-2746/2737