UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   17 Civ. 6779 (RA)
NICOLE MORRISON, as Administrator for the Estate
Of Roberto Grant, and NICOLE MORRISON, as Mother
and Legal Guardian for the Property of AG and SG,
Decedent's Minor Children,

**PLAINTIFF'S COUNTER-STATEMENT TO DEFENDANTS STATEMENT OF MATERIAL UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

Plaintiff(s),

-against-

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS, CORRECTION
OFFICER KERN, EXECUTIVE ASSISTANT LEE PLOURDE,
and JOHN AND JANE DOE(S) AGENTS, SERVANTS AND
EMPLOYEES OF THE DEFENDANTS,

Defendant(s),
------------------------------------------------------------------X

Pursuant to Local Civil Rule 56.1 of the United States District Court for the Southern District of New York, Plaintiff NICOLE MORRISON, as Administrator for the Estate Of Roberto Grant, and NICOLE MORRISON, as Mother and Legal Guardian for the Property of AG and SG, Decedent's Minor Children, states the following in response to Defendant Jason Estrada's Rule 56.1 statement of facts:

1. Plaintiff admits this fact.

2. Cannot admit or deny since Plaintiff is not specifically aware of what information agents, servants, and employees were made aware of at the stated time and place.

3.  Cannot admit or deny since Plaintiff is not specifically aware of what the agents, servants and employees of the defendants "called" for. Admit that BOP staff found Mr. Grant unresponsive.

4.  Cannot admit or deny since Plaintiff is not specifically aware of actions were undertaken by the agents, servants, and employees of the defendants.

5.  Cannot admit or deny since Plaintiff is not specifically aware of actions were undertaken by the agents, servants, and employees of the defendants.

6.  Plaintiff admits this fact.

7.  Plaintiff admits this fact.

8.  Plaintiff admits this fact.

9.  Statement is misleading. More than 3 inmates observed Mr. Grant's actions immediately prior to his death. Exhibit D and E of Plaintiff's declaration.

10. Statement is misleading. More than 3 inmates observed Mr. Grant's actions immediately prior to his death. Some observed him standing, while others observed him sitting on his bunk. Some observed him lying on his bunk and others stated he was laying on the floor. Exhibit D and E of Plaintiff's declaration.

11. Statement is misleading. More than 3 inmates observed Mr. Grant's actions immediately prior to his death. Some observed him standing, while others observed him sitting on his bunk. Some observed him lying on his bunk and others stated he was laying on the floor. Exhibit D and E of Plaintiff's declaration.

12. Statement is misleading. More than 3 inmates observed Mr. Grant's actions immediately prior to his death. Some observed him standing, while others observed him sitting on his bunk. Some observed him lying on his bunk and others stated he was laying on the floor. Exhibit D and E of Plaintiff's declaration.

13.     Statement is misleading. More than 3 inmates observed Mr. Grant's actions immediately prior to his death. Some observed him standing, while others observed him sitting on his bunk. Some observed him lying on his bunk and others stated he was laying on the floor. Exhibit D and E of Plaintiff's declaration.

14.     Statement is misleading. One inmate thought he observed a fight involving Grant, while multiple others heard his windpipe was crushed. Exhibit D and E of Plaintiff's declaration.

15.     Statement is misleading. At the time of the incident, no witness stated they observed Grant smoking K2. Exhibit D and E of Plaintiff's declaration.

16.     Statement is misleading. No witness stated they observed Grant smoking K2 on or about the time of the incident. Exhibit D and E of Plaintiff's declaration.

17.     Plaintiff admits this fact.

18.     Plaintiff admits this fact.

19.     Plaintiff denies this fact. Dr. Hammers did not causally relate any cardiovascular issues to Mr. Grant's death. The narrowing of his artery was "slight" and there was no evidence showing he suffered a heart attack at the time of the incident. Exhibit A, B, P of Plaintiff's declaration.

20.     Plaintiff denies this fact and information contained within sub-paragraphs a,b,c in the context that any of these conditions caused or contributed to his death. Defendants completely ignore that no cardiovascular issues were ever attributable to his death. The also fail to mention that Mr. Grant suffered from various blunt force trauma and neck compression injuries consistent with strangulation. Exhibit A, B, H, I, P.

21.     Plaintiff denies this fact. Mr. Grant suffered from numerous blunt force trauma injuries to his Head, Neck, Torso, and Extremities. Exhibit A, B, H, I, P.

22.     Plaintiff admits this fact.

23. Statement is misleading. Numerous toxicology screenings of Mr. Grant's remains were conducted from the time of his death until 2017 by NMS and were found "…without significant positivity." Exhibit A, B, H, I, P.

24. Statement is misleading. Mr. Grant was murdered in 2015 and his remains were tested for synthetic marijuana through 2017. What the standard of care or testing was in 2014 is irrelevant. Exhibit A, B, H, I, P.

Dated: New York, New York
July 29, 2021

LAW OFFICE OF
ANDREW C. LAUFER, PLLC

_____
By: Andrew C. Laufer
Attorney for Plaintiff
NICOLE MORRISON, et al
264 West 40th Street, Suite 604
New York, New York 10018
(212) 422-1020

To: